**(38 South. 582.)**

No. 15,567.

SCOVELL et al. v. ST. LOUIS SOUTH-WESTERN R. CO.

(May 8, 1905.)

RIGHT OF WAY—ACTION TO RECOVER—TRIAL—APPEAL—REMAND.

1. Plaintiffs claim the value of land in possession of the defendant company, and which forms part of its roadway.
   The construction of St. No. 96, p. 142, of 1896, and Act No. 227, p. 457, of 1902, and other acts is involved. The scope and effect of the cited statutes are at issue.

2. The court decides that every phase of the case should be considered—especially questions of unconstitutionality, which have not heretofore been timely urged. The court decides that questions of consent or assent also formed part of the issues, and that other testimony, if offered and if admissible, should be heard.

3. Gross trespass presents different questions from sanctioned possession.

(Syllabus by the Court.)

Case Certified from Court of Appeal, Parish of Caddo.

Action by M. L. Scovell and others against the St. Louis Southwestern Railroad Company. Judgment for defendant, and plaintiffs appeal to the Court of Appeal. Certified from the court by the judges thereof applying for instructions. Reversed.

Charles Latham Gaines and Thomas Fletcher Bell, Jr., for appellants. Alexander & Wilkinson, for appellee.

BREAUX, C. J. Plaintiffs brought this suit to recover the value of a right of way over their land taken possession of by the defendant in the year 1888 without having first obtained title.

The plaintiffs were minors.

The suit was brought over two years after the minors had attained their majority.

The right of way in question was over the two plantations of plaintiffs — the Shady Grove and Plain Dealing.

In the year 1895—seven years after the right of way had been taken—the first named plantation was seized and sold by the sheriff without reservation or mention of the right of way. It passed through several hands as owners, and a number of years afterward it was reacquired by plaintiffs.

The other part of the right of way was over the Plain Dealing plantation, the other plantation of plaintiffs.

The defendant claims to have acquired a right of way over this last-named plantation by dedication or quasi dedication.

After defendant had gone into possession, a map or plat was drawn of this plantation. It was divided into lots, as to part, showing the strip of land over which the railroad

passes. The subdivisions were bounded by the right of way claimed by defendant.

The defendant has interposed the plea of prescription of ten years and less, including the prescription of two years.

Defendant specially avers that it acquired a servitude over the right of way.

The Court of Appeal, after having handed down an opinion on the original hearing, reconsidered their decision on the application which was made by defendant for a rehearing. While the case was on rehearing before the Court of Appeal, the judges certified the questions of law involved. This court, in the first place, ordered a rule nisi to issue. Subsequently, all parties to the suit consenting, and so requesting, the whole case was ordered up for review.

A plea of unconstitutionality was interposed on appeal after a rehearing had been granted by the Court of Appeal.

The different laws on the subject are quoted here for the sake of ready reference:

"All claims for land or damages to the owner caused by its expropriation for the construction of any public works, shall be barred by two years prescription which shall commence to run from the date at which the land was actually occupied and used for the construction of the works."

The following is the amendment made in 1896 (Act No. 96, p. 142):

"Caused by its taking or expropriation."

Amendment of 1902 (Acts 1902, p. 457, No. 227):

"Caused by taking or for expropriation."

This court held that the original statute related to expropriation, and limited the scope to expropriation. Mitchell v. R. Co., 41 La. Ann. 363, 6 South. 522.

The act before mentioned (No. 96, p. 142 of 1896) was then enacted, which contains the additional word "taking."

In the St. Julien Case, 35 La. Ann. 925, and also in the Jefferson & Lake Pontchartrain R. R. Case, 30 La. Ann. 970, the question of taking and of expropriation received consideration.

See, also, Burbank v. City of New Orleans, Mann. Unrep. Cas. 231.

It is evident that the question of consent, or even of assent, plays an important part in matter of the difference which arises between the owner and the railroad claiming possession of a right of way.

The facts and circumstances under which the defendants went into possession should be shown. Who were the owners at the time? By whom the subdivisions were made, should be proven. We will here state that a bold and malicious trespass would not fall within the grasp of the prescription pleaded, while it would be entirely different as relates to the going into possession of land by a quasi public corporation with the consent of the apparent owner.

It is also evident that articles of the Constitution have some bearing and enter into the issues of the case.

Under the jurisprudence the questions of unconstitutionality should always be presented before the court of original jurisdiction.

They should not be raised for the first time on appeal.

The questions are important from several points of view, and should be considered in all of their aspects and phases. We have concluded, in the exercise of the discretion of this court, to remand this case, in order that the parties may plead questions of unconstitutionality—also prove all facts going to show consent or assent of the owner at the time and since the defendant went into possession.

The judgments of both courts are avoided, annulled, and reversed at appellee's costs in this and in the Court of Appeal, and the costs in the district court to await final decision.

The case is remanded to be proceeded with according to law.