

Atlantic Paint Co.

Vs

John Merkel Jr.

No.8869

Charles F.Claiborne,Judge.

October 30ᵗʰ1922

Judge dissents for reasons on file.

Court of appeal
PARISH OF ORLEANS
Oct 30/22
J. Dtanstuen

Atlantic Paint Co.

 Vs No.8869

John Merkel Jr.

Charles F.Claiborne,Judge

This is a suit for Two Hundred and Twenty Eight 62-100 dollars filed in the First City Court of the City of New Orleans under section 91 of the Constitution of 1921.

The defendant was cited at domicile.He filed an answer pleading a general denial."Judgment was rendered against him on August 18", and signed on August 19"1922.

Defendant was absent and unrepresented at the trial. On September 7th 1922,A copy of the judgment was served upon him in person.Having filed an answer he was not entitled to notice even under article C P.575 He was considered duly notified of the judgment by the fact of its being signed by the Judge. On September 14th 1922 the defendant obtained an order for a suspensive appeal,and filed the transcript in this Court. The plaintiff moved to dismiss the appeal on the ground that it was taken too late,under the provisions of Act 128 of 1921 This act reads as follows:

"That the manner and form of proceedings before the City Courts of this State in cities having over one hundred thousand inhabitants,in cases where said Court has concurrent jurisdiction with District Courts of all suits for moneyed demands above one hundred dollars and not exceeding three hundred dollars,shall be governed by the general laws regulating proceedings before the District Court.Appeals shall be allowed and be returnable to the Court of Appeals,within ten days exclusive of Sundays from the rendition of the Judgment, etc"

The same delay and limitation are prescribed by Article C.P.1133 except that the Code of Practice requires a "notification "to the party cast which the act of 1921 omits.

From the date of the rendition of the judgment in this case and the signature thereof on August 19th 1922 more than " ten days " exclusive of Sunday elapsed to September 14th when the appeal was taken.Indeed there were full twenty two legal days exclusive of Sundays.The ten days for appealing expired with September first.The law might be different if the defendant had been entitled to a notice of Judgment.The delay for appealing had expired when the notice of judgment was served on the defendant.Under the act of 1921 we have nothing to do but to dismiss the appeal.The Court must dismiss ex-officio an appeal taken after the time fixed by law." 11 L 232-1R 60 22A435-34 A 318-129 La 632-12 Ct App.74 No.8710 Ct.App 7 R.60 Our learned brother concedes that our conclusions would be correct if the act of 1921 was law.But he argues in an able opinion that this act is unconstitutional.The point was not raised in this case not even in argument.The Supreme Court has decided that they will not consider the Constituttionality of an act when this issue was not raisedm in the pleadings. 26 A 754 -35 A 1222-47 A 1689-108 La 152-44 La 805-114 La 8#7 125 La 59 and authorities there quoted.

We consider ourselves bound by those authorities and act accordingly.

It is therefore ordered that the appeal herein be dismissed.

October 30"1922

ATLANTIC PAINT COMPANY

versus

JOHN MERKEL, JR.

NO. 8869.

ON MOTION TO DISMISS

DISSENTING OPINION

by

WILLIAM A. BELL, JUDGE.

In this cause there was judgment upon open account rendered in the lower court in favor of plaintiff, for One Hundred and Twenty-Eight Dollars and Sixty-Two Cents ($128.62) from which defendant has appealed.

The record shows that domiciliary, not personal citation, was made upon the defendant, who, in propria persona, pleaded a general denial to plaintiff's petition, and who was absent and unrepresented by counsel at the trial of the cause. Judgment for plaintiff was rendered on August 18th, 1922, and signed August 19th, 1922. Appeal was granted September 14th, 1922, and made returnable to this Court on September 24th, 1922. The transcript was filed here September 25th, 1922.

The case is before us on motion to dismiss the appeal, for the reason that the appeal from the aforesaid judgment was not taken by defendant until September 14th, 1922, more than ten days, exclusive of Sundays, from the rendition of the said judgment. These facts as alleged in the motion to dismiss, are not disputed, and from the record we find them true.

It is argued, however, by counsel for defendant and appellant, that the motion to dismiss should be denied for the reason that personal service of citation was not had upon the defendant; that he was not present or represented by counsel at the trial of this cause or at the rendition or signing of the

judgment herein; that no notice of judgment had been served upon him, and that, therefore, no delays for appeal could run against him until service of notice of judgment, according to law, had been made upon him. In support of the above contentions, Art. C.P. 1131 and its various amendments are cited.

The law applicable to the facts as presented in this case is found in the Constitution of 1921, Art. VII., Sections 90 and 91, and also in Act 128 of 1921.

Art. VII., Sec. 91 of the Constitution of 1921 provides that the City Courts for the City of New Orleans

> "Shall have jurisdiction concurrently with the Civil District Court of all suits for moneyed demands above $100.00 and not exceeding $300.00, that such cases shall be tried and the testimony and evidence therein shall be taken in the same manner as cases tried in the Civil District Court, and the appeal in the Court of Appeal shall be tried upon the original record thus made up and shall not be tried de novo." ************

In order to regulate the practice in the City Courts for the City of New Orleans, and to carry into effect the foregoing section of the Constitution of 1921, the Legislature, at its extra session following the adoption of the new Constitution, passed Act 128 of 1921, which reads in part, as follows:

> "Section 1. Be it Enacted by the Legislature of Louisiana, that the manner and form of proceedings before the City Courts of this State in Cities having over one hundred thousand inhabitants, in cases where said Court has concurrent jurisdiction with District Courts of all suits for moneyed demands above one hundred dollars, shall be governed by the general laws regulating proceedings before the District Courts, ********* Appeals shall be allowed, and be returnable to the Court of Appeals within ten days, exclusive of Sundays, from the rendition of the judgment, ***********

Analyzing the force and effect which the Act just quoted would have upon procedure or practice in appeals from City Courts where the moneyed demand is above $100.00 and not exceeding $300.00, it is apparent that Art. C.P. 1131 and its various amendments relating to proceedings before justices of the peace as well as before the City Courts of New Orleans, would be entirely

abrogated and superseded by Act 128 of 1921, in so far as it might concern moneyed demands in amounts above mentioned.

Act 97 of 1916, amending Act 214 of 1914, has amended and re-enacted Art. C.P. 1131 to read as follows:

> "That no appeal from a judgment before a Justice of the Peace shall stay execution unless the said appeal be taken within ten days after the judgment. If it has been pronounced in the presence of the parties, or when the party cast was present, or represented by counsel at the trial, or within ten days after the notification of it, if it has been rendered on default of one of the parties; provided, that no notification shall be necessary if personal service was had on the defendant. **** Judgment shall not be final until action by the Court upon any motion for a new trial, which may have been made within the time now authorized by law or rules of Court."

If the above law - as is urged by counsel for defendant and appellant - can be said to apply to the facts of this case now before us, it follows that the motion for appeal herein made must be dismissed, for the reason that defendant was not cited personally nor was the judgment pronounced in the presence of the parties, nor was defendant present or represented by counsel at the trial. However, if Act 128 of 1921 is a valid and constitutional enactment of the Legislature, its language providing that "suits for moneyed demand above $100.00 and not exceeding $300.00, shall be governed by the general law regulating proceedings before the District Court," necessarily supersedes the provisions of Act 97 of 1916, with the result that Art. C.P. 575, and not Arts C.P. 1131 ∿ #33 shall govern appeals from the City Courts in cases like the instant one, which is for a moneyed demand over $100.00.

Art. C.P. 575 and its various amendments provide in substance (with certain exceptions as to country parishes) that appeals from the judgments in the District Court must be taken within ten days, not including Sundays, after the judgment has been notified to the party cast in the suit, when such notice is required by law to be given, such service not being necessary, however, (1) if a defendant cast has had personal service and has filed his answer, or (2) if a judgment has been rendered in a -

case after answer filed by the defendant or his counsel. Under these two contingencies, the law provides that the party cast shall be considered duly notified of the judgment by the fact of its being signed by the Judge.

In respect to the above provisions of Art.C.P. 575, it may also be said that if Act 128 of 1921 be valid and constitutional, the result would follow that Art. 575 is superseded by the latter statute which now contains no condition whatsoever under which the ten days' delay for appeal shall fail to run from the date of rendition of judgment. If such be the effect of this recent statute, then the motion to dismiss the appeal herein taken must be granted. But Art. IV., Sec. 4, of the Constitution of 1921, contains, as have previous Constitutions, the following prohibition:

## "LIMITATIONS"

> "Sec. 4: The Legislature shall not pass any local or special law on the following specified subjects: ********* regulating the practice or jurisdiction of any Court, etc."

It is to be further noted that the very preamble of Act 128 of 1921, wherein its purpose is stated, makes the Act upon its face a local statute relating only to practice in the City Courts of New Orleans, and attempting to so regulate this practice against the specific prohibition of the Constitution as above quoted. It is true that the body of the Act would indicate an attempt to provide for the manner and form of proceedings before City Courts of the State in cities having over 100,000 inhabitants, but the preamble itself, in plain, unambiguous language, declares that the purpose of the Act shall be: "To regulate the practice in the City Courts for the City of New Orleans, and to carry into effect Sections 90,91 and 92 of Art. VII. of the Constitution." This Article and its Sections appear in the Constitution, pages 64 to 66, to relate exclusively to the "City Courts for the City of New Orleans."

This local or special law, in its attempt to regulate the practice or jurisdiction of any Court, is in direct disregard of the prohibition set forth in Sec. 4 of Art. IV.

In this same article of the Constitution, it is to be further noted that Sec. 5 provides that "The Legislature shall not indirectly enact special or local laws by the partial repeal of a general law." Act 128 of 1921, having for its purpose, as directly expressed in the preamble, and by its effect, as shown in the body of the Act, by enacting a special or local law, to partially repeal the general law found in the Code of Practice, relative to appeals, either in the District Courts or the City Courts, it must follow that in this respect another prohibition of the Constitution has been disregarded.

The Act in question provides that the manner and form of proceedings before City Courts of this State in cities having over 100,000 inhabitants, etc., shall be governed by the general laws regulating proceedings before the District Courts, and then follows a provision that "appeals shall be allowed and be returnable to the Court of Appeals, within ten days, exclusive of Sundays, from the rendition of the judgment." ********

From this language, it is plain that the Act undertakes to change the general law to the extent of entirely eliminating any conditions appearing in such general law whereby the ten days limit of appeal shall not in all cases govern, there being in both Art. C.P. 575 and Art. C.P. 1151 certain conditions under which a ten days' delay for appeal shall not run until notification of judgment has been given. Thus it may be said that the prohibition of Sec. 5 of Art. IV. of the Constitution has also been disregarded. Again, if Act 128 of 1921 be a local statute, it is to be noted that such statute is violative of the provisions of Sec. 6 of Art.IV. of the Constitution in that it does not appear in the said Act that the intention to apply for Legislative enactment regarding this local law has been published, or that such notice by publication has been given.

For these various reasons the Act under discussion is patently unconstitutional. It might be noted, that the jurisprudence of the Supreme Court, as well as of this Court,

has on several occasions pronounced against the power of Courts to declare unconstitutional a statutory law, when the unconstitutionality of said law has not been pleaded by the parties litigant in the particular cause under consideration. People's Homestead v. Staub, 3 Orl. Appl., 101; State v. St. Romes, 26 La. Ann. 753; Hughes v. Board of Commissioners, 108 La. 152; Scovell v. St. Louis S.W. Ry. Co., 114 La. 847; State v. Michel, 125 La. 59; State v. Hennessey, 44 La. 805.

The doctrine, as above stated, is applicable, however, to conditions where the rights of the parties litigant alone are concerned. In the instant case, while the ruling of this Court as to the constitutionality of the statute under consideration would naturally affect the rights of one or the other of the parties involved in the suit, the situation is presented where a greater and more important question is involved, to wit: the procedure in appeals from the City Courts over which this Court has appellate jurisdiction. For this latter reason, it is not only within the jurisdiction and power of this Appellate Court to determine, of its own motion, the constitutionality or not of the statute in question, but it is our express duty, where the statute in question is so patently violative of the fundamental law, to so declare it, though the issue be not raised by the litigants, particularly when the result, as in this case, of disregarding the constitutionality of the law, would be to establish a different and confused method of procedure in the City Courts as between cases under and those above $100.00 . For these reasons, Act 128 of 1921 is violative of the provisions of the Constitution of 1921 set forth in Art. IV. Sections 4,5 and 6 thereof.

It follows that this Court, in the matter before us, cannot be governed by the provisions for practice as set forth in Act 128 of 1921, and since it appears from the record that the defendant herein was absent at the trial of the cause, it is plain, under Art C.P. 1131 and amendments to said

articles, that the delays for appeal cannot begin to run against him until notice of judgment has been served. The appeal herein taken to this Court, therefore, appears to have been taken in time, and the motion to dismiss should be denied.

For the above reasons, I respectfully dissent to the majority opinion herein rendered.