DOMENGEAUX, Judge.
Plaintiff brought a boundary action seeking to have the boundary line between his property and that of defendants judicially established. The defendants answered and plead prescriptions of one, ten, and thirty years. A surveyor, Lindsey J. Au-coin, C. E., was appointed to survey the land and after a trial on the merits judgment was rendered in favor of plaintiff fixing the boundary line between his and defendants’ lands in accordance with the plat of survey prepared by Mr. Aucoin, Defendants appeal that judgment to this court.
The facts show that all of the lands herein involved were originally the property of one Conrad Martin. In 1934 Martin sold the land to Walter A. LeDoux, brother of the plaintiff and ancestor in title of both the plaintiff and the defendants, by a deed which purported to convey 368.5 acres of land. In 1938 Walter LeDoux sold to his brother, the plaintiff, an undivided one-half interest in the lands that he had purchased from Martin.
In 1939, the LeDoux brothers being desirous of dividing their property between themselves, Walter LeDoux employed M. J. Goudeau, Jr., C. E., to determine the center line of their property. This, Mr. Goudeau did, but he warned them that his survey was but an approximation, the accuracy of which he was unable to, and would not, guarantee. Both brothers testified that they well understood the rough nature of the Goudeau survey, but nevertheless they entered into a partition agreement dividing the property in accordance therewith, and stating plaintiff to be the owner of the eastern 184.25 acres and Walter LeDoux to be the owner of the western 184.25 acres. Each renounced all claims to the acreage allotted the other. The brothers agreed that a more accurate survey could be made at such time in the future as it should become desirable.
Walter LeDoux then proceeded to construct a fence some six feet to the west of the supposed boundary line. In 1958 he sold his land to Lloyd Andrus and John Wilson by a deed stating it to contain 184.25 acres and referring to the Goudeau survey plat and the Act of Partition. They in turn sold to defendant, Waterbury, by an act dated later that same year and containing much the same description.
The parties to this suit assumed their present positions through a number of conveyances, partitions, inheritance claims, etc., all of which are irrelevant to our discussion.
The report of the court appointed surveyor, Lindsey Aucoin, shows that the entire tract of land, as originally purchased by Walter LeDoux and later divided between him and plaintiff, in fact contained not the stated 368.50 acres, but rather a total of 384.45 acres. This, however, is of no importance since the plaintiff made no claim to the additional 15.95 acres, either in the trial court or on appeal. The learned trial judge therefore did not consider the excess in rendering his judgment and for the same reason neither do we.
The significant feature of Mr. Aucoin’s report lies in his determination that the western boundary of the Adler LeDoux tract which would place the stated 184.25 acres therein, in actuality lies somewhat to the west of the Goudeau line and of the fence constructed by Walter LeDoux. The *98 land lying between the boundary line as established by Mr. Aucoin and the old fence comprises 8.35 acres and it is this stretch of land that is in dispute.
The primary defense urged by defendants is their plea of ten years prescription under Civil Code Article 853. That article provides thusly:
If the boundaries have been fixed according to a common title, or according to different titles, and the surveyor had committed an error in his measure, it can always be rectified, unless the part of the land on which the error was committed, be acquired by an adverse possession of ten years, if the parties are present, and twenty years, if absent.
The application of that article has caused no small difficulty in the jurisprudence of this state. A number of cases hold that Civil Code Article 853 must be read in conjunction with Article 833, et seq. and that the failure to establish the boundary in accordance with the latter will prevent the running of the former’s ten year period of prescription. Gray v. Couvillon, 12 La.Ann. 730 (applying the corresponding articles of the La.Civil Code of 1825, 849 and 829); City of New Orleans v. Shakspeare, 39 La.Ann. 1033, 3 So. 346; Williams v. Bernstein, 51 La.Ann. 115, 25 So. 411; Barker v. Houssiere-Latreille Oil Co., 160 La. 52, 106 So. 672. Harvey v. Havard, La.App., 225 So.2d 615; and cases therein cited. Other cases have indicated that article 853 may take effect in situations where the boundary has not been fixed in compliance with article 833, but where the parties have either consented to, or actively acquiesced in, the boundary line. Opdenwyer v. Brown, 155 La. 617, 99 So. 482; Sessum v. Hemperley, 233 La. 444, 96 So.2d 832; Blanchard v. Monrose, 12 La.App. 503, 125 So. 891; LaCalle v. Chapman, La.App., 174 So.2d 668.
At the time that the LeDoux brothers established the purported boundary between their respective lands, CC Article 833 read as follows:
Whether the limits be fixed judicially or extra judicially, it must be done by a sworn surveyor of this State, who shall be bound to make a proces verbal of his work in the presence of two witnesses, called for the purpose, who shall sign the proces verbal with him, or mention shall be made therein of the causes which prevented them from signing.
The evidence is neither contradicted nor even questioned that the original boundary line between these two tracts of land was not established in accordance with the mandates of article 833 of our Civil Code, as it was then written. Neither is there any doubt but that the plaintiff had no part in employing the surveyor, Mr. Gou-deau, in compensating him, or in constructing the fence in question. Both parties, Walter LeDoux and his brother, knew that the line as established by Mr. Goudeau could well be in error, and they agreed to have it corrected in the future if such should become necessary. We would indeed be doing violence to the meanings of the terms “consent” and “active acquiesence” (on plaintiff’s part) were we to expand them so as to encompass the situation herein presented. Plaintiff’s consent to the boundary line, insofar as such would be characterized by permanence, was never given. His acquiescence in its location, if it could be said to exist at all, was at most passive in its nature. Accordingly, neither of the situations in which the jurisprudence has allowed the application of the ten year prescription provided for in CC Article 853 was present in the case at bar.
In 1968, however, the legislature amended CC Article 833, causing it to provide thusly:
Whether the limits be fixed judicially or extra judicially, it must be done by a land surveyor or civil engineer licensed to practice land surveying in this State, who if the limits be fixed judicially, shall be bound to make a procés verbal of his work which shall be signed in the presence of two competent witnesses; provided, however, that any written *99 agreement, heretofore or hereafter made, which designates or delimits all or a part of the boundary between two or more estates is binding upon all parties thereto who are sui juris, their heirs, successors and assigns, to the same extent as any other written agreement affecting immovable property.
Clearly, in doing away with the formalities of the proces verbal signed in the presence of two witnesses when the limits are fixed extra judicially, the amended article reverses the outcome of this case vis-a-vis the original article. The evidence is clear that the boundary was fixed in compliance with the present terms of the article.
Of no less importance is the proviso added by the 1968 amendment which gives any written instrument designating the boundaries between two estates, whether “heretofore or hereafter" made, binding effect to the same extent as any other agreement affecting immovable property. If given effect this too would serve to defeat the plaintiff’s claims to any land beyond the boundary set by Mr. Goudeau, because of the 1939 partition agreement above referred to.
Article 833, as amended, then, defeats plaintiff’s cause but would not have done so prior to 1968. This presents a serious question of the constitutionality of the 1968 amendment, raised by counsel for both sides in supplemental briefs, under Article 4, Section IS of the Louisiana Constitution and Article 1, Section 10 and the 14th Amendment Section 1 of the United States Constitution.
The issue of the constitutionality of the article is, unfortunately, one which we may not consider since it was not raised in the district court. Summerell v. Phillips, 258 La. 587, 247 So.2d 542. We are not, however, precluded from remanding the case to the district court in order that the question may be presented and determined. La. CCP Article 2164; Scovell v. St. Louis Southwestern R. Co., 114 La. 847, 38 So. 582.
Counsel for both sides have requested that the case be remanded in any event, since the proces verbal of the court appointed surveyor was incomplete in that it lacks the signatures of the necessary witnesses. We therefore think it expeditious to remand the case to the district court for a full consideration of these and any other issues that it should deem proper.
In view of our conclusion we think it unnecessary to consider, at this time, the other points raised by this appeal.
Accordingly, the judgment appealed is reversed and set aside and the case is remanded to the Twenty-seventh Judicial District Court for the Parish of St. Landry in order that the proces verbal may be properly completed; that either or both of the parties might plead the unconstitutionality of CC Article 833 as amended; and for any other purpose deemed proper by the district court. Costs of this appeal are to be borne equally by the parties; all other costs to await the final outcome of the case.
Reversed and remanded