DOMENGEAUX, Judge.
This boundary dispute was previously before us and we remanded it to the District Court for the completion of the surveyor’s proces verbal, the determination of the constitutionality of Louisiana Civil Code Article 833 as amended, and any other purpose deemed proper by the District Court. For a full discussion of the facts see our opinion in Ledoux v. Waterbury, 261 So.2d 96.
Succintly stated the facts are that plaintiff’s brother was the common ancestor in title of both plaintiff and defendants. In 1938 plaintiff’s brother, Walter Ledoux, sold him an undivided one-half interest in all of the land herein involved, and a year later the two brothers partitioned the property between themselves, according to a survey made by M. J. Goudeau, C.E. Plaintiff took the eastern one-half of the land and his brother the western one-half, as determined by a centerline which both recognized to be a mere approximation and not necessarily accurate. Nevertheless, Walter Ledoux proceeded to erect a fence some six feet to the west of the centerline set by Goudeau. It was his property that defendants ultimately acquired.
In October, 1969, plaintiff brought the present action to judicially establish the boundary between his land and that of defendants. Defendants defended on the basis of ten years acquisitive prescription under the provisions of La. Civil Code Article 853.
Although defendants also urge the applicability of La. Civil Code Article 3478, the general, ten year acquisitive prescription article, it is our opinion that such can only come into play through C.C. Art. 853. We are dealing herein with a boundary action, for which special Code articles were designed, and therefore the special articles must prevail over the general. State v. Mejia, 250 La. 518, 197 So.2d 73; Hewitt v. Webster, La.App., 118 So.2d 688; Kearns v. City of New Orleans, La.App, 160 So. 470.
Under Title V of the Louisiana Civil Code, entitled “Of Fixing the Limits, and of Surveying of Lands”, we find Article 825 stating that:
The action of boundary, like that of partition, can not be prescribed against; as every one is at liberty, at all times, to separate his part from an estate in common, so it is permitted to each proprietor to have ascertained the limits of contiguous estates, to have them fixed, as each 'has enjoyed his estate separately without having acquired any part of his neighbor’s estate by prescription.
That article is clearly a limitation on the prescriptions provided for in the general articles on the subject matter found in Title XXIII of the Civil Code, Section 2. Nevertheless, Article 853, found under Title V, indicates that prescription is not totally inapplicable to the boundary action as follows:
If the boundaries have been fixed according to a common title, or according to different titles, and the surveyor had committed an error in his measure, it can always be rectified, unless the part of the land on which the error was committed, be acquired by an adverse possession of ten years, if the parties are present, and twenty years, if absent.
As we said in our original opinion on this case, the jurisprudence of this state is to the effect that unless the parties have either consented to, or actively acquiesced in, a given boundary line, the line must have been fixed in accordance with La. Civil Code Article 833, before the provisions of La. Civil Code Article 853 may be invoked. Ledoux v. Waterbury, La.App., 261 So.2d 96; and cases therein cited at page 98. We concluded in our former opinion that there had been no consent or active acquiescence in the Goudeau line, as contemplated by the jurisprudence, and that therefore La.C.C. Art. 833 is controlling of the question of the applicability of the ten year acquisitive prescription provided for in La.C.C. Art. 853.
*873 At the time that the Ledoux brothers partitioned their property La.C.C. Art. 833 read as follows:
Whether the limits be fixed judicially or extra judicially, it must be done by a sworn surveyor of this State, who shall be bound to make a proces verbal of his work in the presence of two witnesses, called for the purpose, who shall sign the proces verbal with him, or mention shall be made therein of the causes which prevented them from signing.
Before this suit was filed, however, in 1968, the legislature amended that article to provide thusly:
Whether the limits be fixed judicially or extra judicially, it must be done by a land surveyor or civil engineer licensed to practice land surveying in this State, who if the limits be fixed judicially, shall be bound to make a proces verbal of his work which shall be signed in the presence of two competent witnesses; provided, however, that any written agreement, heretofore or hereafter made, which designates or delimits all or a part of the boundary between two or more estates is binding upon all parties thereto who are sui juris, their heirs, successors and assigns, to the same extent as any other written agreement affecting immovable property.
Clearly the Goudeau line was drawn in compliance with the article as it now reads but not in compliance with its provisions at the time the line was drawn. In addition the portion making written agreements binding upon the parties is retroactive in its effect. Noting those points we remanded the case, inter alia, for a consideration of the constitutionality of the amended article, and the district court found it to be unconstitutional. We concur in that finding.
As the law stood prior to the 1968 amendment of La. Civil Code Art. 833, the ten year acquisitive prescription provided for in La.C.C. Art. 853 could not be successfully pleaded against plaintiff, whereas since the amendment such a plea would defeat plaintiff’s suit. In addition the partition agreement entered into by and between plaintiff and his brother has, by the 1968 amendment to La.C.C. Art. 833, been retroactively clothed with a sanctity and binding force beyond that intended by the parties thereto. Such results defeat the reasonable expectation of plaintiff, who relied upon the law in effect at the time of the Goudeau survey and of the partition. It is our opinion, therefore, that as retroactively applied the amended Civil Code Article 833, impairs the obligation of contracts, divests vested rights, and deprives plaintiff of property without due process of law. It is consequently in violation of the constitutions of the United States and of the State of Louisiana, and of the Civil Code of Louisiana. Section 10 of Article I, 14th Amendment, United States Constitution; Section 15, Article 4, Louisiana Constitution; La. Civil Code Art. 8.
Defendants urge us to reject the proces verbal of the court appointed surveyor because the plat filed therewith does not show the lines or boundaries under which they acquired their titles. We find no merit in this contention as such lines or boundaries, which are in actuality the line drawn in the Goudeau survey, are irrelevant to the instant action to partition the land. The true center line between the lands of plaintiff and those formerly belonging to his brother has been judicially determined according to the plat filéd with the proces verbal of Mr. Aucoin, the court appointed surveyor. Any previous lines, found to have been inaccurate, are therefore of no moment, and plaintiff is entitled to judgment setting the correct boundary between his property and that of defendants.
In view of the foregoing discussion we opine that the trial court acted correctly in declaring La. Civil Code Article 833 as amended to be unconstitutional insofar as it affected the rights of the plaintiff to bring the present boundary action, and in *874 setting the boundary between the estates of plaintiff and defendants at the line “C”“J” on Mr. Aucoin’s survey, thus giving plaintiff the full 184.25 acres that he acquired by the 1939 partition with his brother.
For the above and foregoing reasons the judgment of the District Court is affirmed at the costs in both courts of defendants-appellants.
Affirmed.