292 So.2d 485 (1974)
Adler LEDOUX
v.
Robert L. WATERBURY et al.
No. 53943.
Supreme Court of Louisiana.
March 25, 1974.
Rehearing Denied April 26, 1974.
John D. Edwards, A. V. Pavy, Opelousas, for defendants-applicants.
Robert Brinkman, Opelousas, for plaintiff-respondent.
BARHAM, Justice.
A boundary action was instituted in October, 1969, by Adler Ledoux seeking to have the court appoint a surveyor for the purpose of fixing the boundary between his property and that of the defendants. The defendants answered and pled exceptions of no cause or right of action and prescriptions of one, ten and thirty years. Specifically, they urged the ten year prescription of Articles 3474, 3478 and 853 of the Civil Code. A surveyor, Lindsey J. Aucoin, C. E., was appointed to survey the land. The exceptions were referred to the merits, and after trial, judgment was rendered in favor of plaintiff, fixing the boundary line between his and defendants' lands in accordance with the plat of survey prepared by Aucoin. The prescription exceptions were overruled.
On appeal, the appellate court held that Article 853[1] must be construed in light of Article 833.[2] It found the formalities of *486 Article 833 had not been complied with (no proces verbal), there had been no mutual consent or acquiescence, and thus the ten year prescription of Article 853 was not applicable. The court noted that Article 833 had been amended in 1968 so as to require the ten year prescription plea of Article 853 be maintained. However, the court noted the possible unconstitutionality of this amendment since the provisions were retroactive, and remanded the case to the trial court so this issue could be considered. On remand it was also ordered that the proces verbal of the surveyor, Aucoin, be completed. 261 So.2d 96 (La.App. 3d Cir. 1972).
On remand the trial court declared the 1968 amendment to Article 833 unconstitutional and reinstated its original judgment. The appellate court affirmed the judgment. 280 So.2d 871 (La.App. 3d Cir. 1973). We granted a writ of review. 282 So.2d 719 (La. 1973).
The tract involved originally belonged to Conrad Martin who sold to Walter Ledoux, plaintiff's brother, in 1934. The deed purported to convey 368.5 acres of land. In 1938, Walter Ledoux sold an undivided one-half interest in this tract to his brother, Adler Ledoux. In 1939, the brothers partitioned the property in accordance with a survey by M. J. Goudeau, Jr., C. E., which plat was attached to and made a part of the Act of Partition. In the agreement, plaintiff received the eastern half of the property and Walter Ledoux the western half, each tract containing 184.25 acres. Each renounced all claims to the acreage allotted to the other, and bound themselves to forever uphold the partition agreement.
Walter Ledoux then proceeded to construct a fence some six feet to the west of the boundary fixed in the partition agreement and survey (inside his property line). In 1958, he sold his portion of the land to Lloyd Andrus and John Wilson by a deed stating it contained 184.25 acres and which specifically referred to the Goudeau survey plat and the Act of Partition in describing the property. They in turn sold the land to the defendant, Waterbury, by an act dated later that same year containing the same property description. The parties to this suit assumed their present positions through a number of conveyances, partitions, inheritance claims, etc., which are not relevant to the determination of the issue here presented.
The survey of the court appointed surveyor, Aucoin, shows that the original tract of land purchased by Walter Ledoux contained not the stated 368.5 acres, but rather a total of 384.45 acres. Plaintiff has made no claim to the additional 15.95 acres so it is not considered. The noteworthy feature of Aucoin's survey is his determination that the western boundary of the Adler Ledoux tract (which would place the stated 184.25 acres therein) in actuality lies somewhat to the west of the Goudeau line and the fence constructed by Walter Ledoux and maintained by the defendants. No claim of title is at issue as to the land lying east of the fence between the fence line and the survey line shown on the Goudeau plat by which title has been transferred over the years. The land lying between Aucoin's boundary line and the old fence comprises 8.35 acres; it is this portion of land that is in dispute.
This 1969 boundary suit seeks to upset the boundary fixed by the survey and partition some 29 years earlier. Whether the survey was correct or not, the Ledoux brothers partitioned with reference thereto, and the purchasers bought with reference to it. As a matter of title, the courses and distances fixed by the survey prevail over the acreage quantities shown. W. B. Thompson & Co. v. McNair, 199 La. 918, 7 *487 So.2d 184 (1942). Parties who buy on the faith of the public records showing the limits of their estates as fixed by courses and distances are entitled to keep what is there shown to be in the estate purchased by them. See Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392 (1958) extensively summarizing the well settled jurisprudence.
The defendants pled the ten year prescription of Articles 3474 and 3478 of the Civil Code which provide:
"Art. 3474. Immovables are prescribed for by ten years, when the possessor has been in good faith and held by a just title during that time.
"Art. 3478. He who acquires an immovable in good faith and by just title prescribes for it in ten years. This prescription shall run against interdicts, married women, absentees and all others now excepted by law; and as to minors this prescription shall accrue and apply in twenty-two years from the date of the birth of said minor; provided that this prescription once it has begun to run against a party shall not be interrupted in favor of any minor heirs of said party."
The defendants had possessed the land in dispute for over ten years under color of just title. The lower courts incorrectly held that these articles were not applicable to boundary actions because they were general in nature, that special codal articles provided the prescriptions for such an action. These courts ignored Article 3693 of the Code of Civil Procedure which provides:
"Art. 3693. The fixing of bounds, the verifying of ancient boundaries, or the rectification of dividing lines shall be determined in an ordinary proceeding in accordance with the rights and titles of the parties."
The Official Revision Comment expressly notes:
"This article makes a significant change in the law. The language `in accordance with the rights and titles of the parties' was inserted in the above article to overrule legislatively the cases holding that questions of title and ownership cannot be determined in an action of boundary."
Thus, under the new code, title prescriptions may be pled in boundary actions, and boundary prescriptions in title suits. See Stanford v. Robertson, 144 So.2d 747 (La. App. 3d Cir. 1962) and Abramson v. Piazza, 198 So.2d 565 (La.App. 3d Cir. 1967).
The defendants have title to the 8.35 acres in dispute by virtue of their recorded deed. They have exercised the necessary possession of this land under color of title and in good faith for over ten years. According to the clear mandate of the code, the defendants have acquired the land by prescription. The plaintiff's claim is without merit.
The judgments of the lower courts are reversed. It is ordered, adjudged, and decreed that there be judgment herein in favor of the defendants, Robert L. Waterbury and Dolores W. Danner, and the defendant, Mrs. Gladys Mae Boagni, as their respective interests may ultimately be decided in the proceedings entitled "Gladys Mae Pitre Boagni v. Robert L. Waterbury et al, Civil Docket No. 56,292-B, 27th Judicial District Court, St. Landry Parish, Louisiana," decreeing that the defendants are declared owners of that 8.35 acres and the land lying east thereof, as shown on a plat of survey filed in this record, dated March 22, 1971, prepared by Lindsey J. Aucoin & Associates, which 8.35 acres is more particularly described as:
From the southeast corner of S31, T5S, R5E, run along the southern line of S31, N89° 58' 07" W2079.90' to the point of beginning, thence continue on the same line 102.60', thence N14° 38'00" E3,630.46' to a point in the north line of S31, thence N62° 48'01" E133.25' along the north line of S31, thence S14° 38'00" W3,693.53' to the point of beginning.
It is further ordered, adjudged and decreed that all costs are taxed against the plaintiff, Adler Ledoux.
Reversed and rendered.
SUMMERS, J., dissents.
NOTES
[1] "Art. 853. If the boundaries have been fixed according to a common title, or according to different titles, and the surveyor had committed an error in his measure, it can always be rectified, unless the part of the land on which the error was committed, be acquired by an adverse possession of ten years, if the parties are present, and twenty years, if absent."
[2] "Art. 833. Whether the limits be fixed judicially or extra judicially, it must be done by a land surveyor or civil engineer licensed to practice land surveying in this State, who if the limits be fixed judicially, shall be bound to make a proces verbal of his work which shall be signed in the presence of two competent witnesses; provided, however, that any written agreement, heretofore or hereafter made, which designates or delimits all or a part of the boundary between two or more estates is binding upon all parties thereto who are sui juris, their heirs, successors and assigns, to the same extent as any other written agreement affecting immovable property.