401 So.2d 432 (1981)
Ethel Rutland TRAVIS et al.
v.
LAKE SUPERIOR PILING COMPANY et al.
No. 14147.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
Rehearing Denied August 5, 1981.
*433 Charles M. Reid, Amite, for plaintiffs.
Charles G. Walker, Hammond, for defendant Lake Superior Piling Co.
M. LaMarr Clemons, Amite, for defendant Clemons Brothers Lumber Co.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is a boundary action. The plaintiffs, Ethel Rutland Travis, Gary Virgil Travis and Gilbert Hardy Travis, claim ownership by 30 years acquisitive prescription of a 42.8-acre fenced in pinewood "belly land"[1] tract in Tangipahoa Parish. The area, which abuts plaintiff's property on the southwest border, is encircled by a fence which has been in existence more than 45 years. The defendants, Lake Superior Piling Company and Clemons Brothers Lumber Company, are record owners of the disputed land and timber and of the property surrounding the "belly land" on three sides. Plaintiffs seek to have the fence made the *434 boundary between their property and defendants'.
In written reasons for judgment the trial judge found that the fence and road constitute a "well defined boundry [sic] to the property" and have been in existence for more than 30 years. The court held that the plaintiffs and their ancestors in title possessed the property as owners by exercising various acts of possessionmaintaining the fence, clearing the land around the fence, attending to diseased trees and grazing cattle. "This would be about as much as an owner could do to possess the type of property in question," he commented. Because the plaintiffs' two previous ancestors in title also possessed the disputed area as owners, the plaintiffs were allowed to tack possession to make up the requisite 30-year prescriptive period.
The trial judge also found that the defendants' activities, primarily foot patrols and selective logging, came long after the 30-year prescriptive period had run. There was therefore no interruption of prescription. The final judgment established the fence as the boundary between the immovable properties and declared plaintiffs owners of the "belly land." The defendants' reconventional demand for trespass damages was dismissed, and this appeal ensued.
The issues on appeal are whether the boundary action is the proper vehicle for assertion of ownership rights; whether plaintiffs sustained their burden of proof on the issue of prescriptive ownership; and whether any of the defendants' activities interrupted prescription.

OWNERSHIP AND THE BOUNDARY ACTION
The defendants first argue that the boundary action is not the proper procedural vehicle for determination of ownership rights. They cite no law in support of this contention.
Under La.C.C.P. art. 3693, either as amended in 1977 or as originally enacted in the Code of Civil Procedure, the trial court in a boundary action is required to fix the boundary in accordance with "the ownership or possession" or "the rights and titles" of the parties. The official comment to Article 3693 as it originally appeared in the Code of Civil Procedure states:
"This article makes a significant change in the law. The language `in accordance with the rights and titles of the parties' was inserted in the above article to overrule legislatively the cases holding that questions of title and ownership cannot be determined in an action of boundary."
The 1977 amendment to La.C.C.P. art. 3693, substituting the words "ownership or possession" for the words "rights and titles," does not change the law. See comment, La.C.C.P. art. 3693, as amended by Act 169 of 1977.
Likewise, the Louisiana Civil Code indicates that ownership can be a relevant inquiry, and an object of judicial decree, in a boundary action. La.C.C. art. 792 states that: "The court shall fix the boundary according to the ownership of the parties...." La.C.C. art. 794 provides: "When a party proves acquisitive prescription, the boundary shall be fixed according to limits established by prescription rather than titles. If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds." These Civil Code Articles, enacted in 1977, make no change in the previous law, according to the official comments. See also former La.C.C. art. 852.
Thus, under both the Code of Civil Procedure and the Louisiana Civil Code the question of ownership can be determined in a boundary action.
The Louisiana Supreme Court recently held that possession to a physical boundary for 30 years, like the acquisitive possession of 30 years under Article 3475 of the Civil Code, entitles the possessor to the ownership of the property possessed. "An obvious public interest requires that boundaries established for more than thirty years should not be disturbed, and the law so provides." William T. Burton Industries, *435 Inc. v. Wellman, 343 So.2d 996 (La.1977). See also Sessum v. Hemperley, 233 La. 444, 96 So.2d 832 (1957).
In the more recent case of Fruge v. Lyons, 373 So.2d 220 (La.App. 3rd Cir. 1979), the court held that former La.C.C. art. 852 allows ownership to be determined on the basis of 30 years acquisitive prescription. Fruge v. Lyons was a petitory action but the court noted that the boundary prescription provided in former Article 852 may be pleaded not only in boundary actions, but also in petitory actions. See also Ledoux v. Waterbury, 292 So.2d 485 (La. 1974).
Professor A. N. Yiannopoulos states that:
"One who claims the ownership of a strip of land adjoining the land of a neighbor may bring the petitory action or the action of boundary, or he may cumulate the two. It is true that the burden of proof is different in each of the two actions but when ownership is claimed the proof of ownership is the same." 2 Louisiana Civil Law TreatiseProperty Section 225, page 600 (2nd Edition 1980, West).
Thus, when the boundary action is brought to set a boundary at a visible bound which has been in existence for more than 30 years and which encloses land outside of the record title of the person seeking to have the boundary established, proof of ownership is a necessary prerequisite to establishing the boundary. Unless the plaintiff in such an action can prove that he and his predecessors in possession have acquired the ownership of the property by 30 years acquisitive prescription, he cannot prevail in the boundary action. In other words, under either former La.C.C. art. 852 or under present Article 794 ownership must be proved before the boundary can be established. The proof required under either of those articles is the same proof that would be required to prove ownership in a petitory action based on the acquisitive prescription of 30 years. See Yiannopoulos, supra.

EVIDENCE OF POSSESSION
The defendants also contend that the plaintiffs did not prove that they possessed the property as owners. They contend, alternatively, that acts conducted by them or their agents were sufficient to interrupt the possession of the plaintiffs. These are both factual questions. The plaintiffs at trial introduced the testimony of a number of persons who have been familiar with the "belly land" property for more than 45 years. The testimony of these witnesses proved that the fence was constructed more than 30 years ago and has been maintained by the plaintiffs and their predecessors in possession since it was built. One of the plaintiffs, Gary Virgil Travis, testified that he cleared a path around the fence in order to facilitate maintenance. The testimony also showed that the Travises conducted dairy operations, primarily cattle grazing, in the fence enclosed area. Some selective timber cutting was engaged in by the Travises and their predecessors in possession, and Gary Travis' father placed posted signs along the fence.
We agree with the trial court that these acts of possession were probably about as much as the Travises and their predecessors in possession could do to show they were possessing the property as owners. The fence is clearly a visible bound separating the property of the plaintiffs and the defendants. The plaintiffs and their ancestors in title have possessed the area encircled by the fence for more than 30 years without interruption and they are therefore entitled to have the boundary fixed along the fence line.
The defendants' contention that some of their activities interrupted the plaintiffs' possession is not borne out by the evidence in the record. As the trial court noted any activities conducted by the defendants that could have been sufficient enough to interrupt the plaintiffs' possession were conducted long after the plaintiffs had established prescriptive ownership of the property.
Therefore, for the above and foregoing reasons, the decision of the trial court is affirmed. The defendants will pay the costs of this appeal.
AFFIRMED.
NOTES
[1] This was a term used by Ethel Rutland Travis to describe the fenced in area. On a map, the area resembles a bloated belly hanging from the stomach of the land.