588 So.2d 1204 (1991)
William Peyton HONEYCUTT
v.
Bonnie Jean BOURG, Dorris Jean Holland, Margaret Virginia Jolley, and Marie Crosby Brown.
No. CA 90 1100.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
D. Blayne Honeycutt, Denham Springs, for appellant.
Richard B. Minogue, New Roads, for appellees.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
GONZALES, Judge.
Plaintiff petitioned the lower court to fix the boundary between his campsite, located on False River in Pointe Coupee Parish, and that of the neighboring campsite, owned by defendants. In response to plaintiff's petition, defendants filed exceptions pleading the objections of ten years acquisitive prescription, thirty years acquisitive prescription, and ten years liberative prescription. The trial court rendered judgment maintaining defendants' objection of ten years acquisitive prescription, and, denying defendants' objections of ten years liberative prescription and thirty years acquisitive prescription. Plaintiff has appealed and assigns as error the trial court finding of ten years acquisitive prescription.[1]

FACTS
The tracts of land in question are fronted by La. Highway 413, and bounded in the rear by False River. (A portion of a map showing the survey made of the property for the instant lawsuit is reproduced in Appendix "A".) The tracts of plaintiff and defendants, along with a third tract of land (shown on the appended map as belonging to Wallace Mackensen[2]) were originally a part of a larger tract of land owned by Lynn Hubble; the remainder of the parent tract lies across La. Highway 413 and is *1205 designated on the survey map as owned by Ada B. Hubble.
Plaintiff's Exhibits A, B, and C show plaintiff's chain of title as follows: February 19, 1952sale by Lynn Hubble to James H. Singer (of a tract of land having a front of 49 feet on the highway); April 8, 1959sale by James H. Singer to Robert F. Odom (no designation of feet of highway frontage); January 10, 1980sale by Robert F. Odom to William Peyton Honeycutt (no designation of feet of highway frontage). The property description in plaintiff's act of sale is as follows:
A certain lot or parcel of land, with all buildings and improvements thereon, and with all rights, ways, privileges and servitudes thereunto belonging or in any wise appertaining, situated on the Island of False River, in the Parish of Pointe Coupee, State of Louisiana, fronting on the Right of Way of the public State blacktopped highway which runs along False River (known as State Highway No. 413) and by a depth extending to False River, and which said lot or parcel of ground is bounded as follows: In front or Southeast by the said public highway, in the rear or Northwest by the said False River, on the upper-side or Northeast by the property of Clarence W. McCormick and Mrs. Hazel McWilliams McCormick, and on the lower side or Southwest by property of Richard Robillard. [Emphasis added.]
The Bourg defendants' chain of title is as follows: February 22, 1949sale by Lynn Hubble to James H. Singer (with 55 feet of frontage on the highway and having side boundaries between parallel lines); September 8, 1958sale by James H. Singer to Clarence W. McCormick and Mrs. Hazel McWilliams McCormick (with 59 feet of highway frontage and with side boundaries between parallel lines); June 8, 1962 sale by Mrs. Hazel McWilliams McCormick Coleman to Adrian E. Kaiser, Jr.[3] (with 59 feet of highway frontage and with side boundaries between parallel lines); June 22, 1972sale by Adrian E. Kaiser, Jr. to Charles Ray Allen (with 59 feet of highway frontage and with side boundaries between parallel lines); July 10, 1973sale from Charles Ray Allen to Bonnie Jean Bourg et al. (with 59 feet of highway frontage and with side boundaries between parallel lines). Defendants' property description in their title is as follows:
A certain lot or parcel of land, with all buildings and improvements thereon, and with all rights, ways, privileges and servitudes thereunto belonging or in any wise appertaining, situated on the Island of False River, in the Parish of Pointe Coupee, State of Louisiana, having a front of fifty-nine (59.0) feet on the right-of-way of the Public State Blacktop Highway which runs along False River (known as State Highway No. 413), by a depth between parallel lines extending to False River, and which said lot or parcel of ground is bounded as follows: in front or Southeast by said Public Highway, in the rear or Northwest by said False River, on the upper side, or Northeast by property formerly belonging to Clarence W. McCormick, et ux, now belonging to Otto B. Mackensen, et ux and on the lower side or Southwest by property formerly belonging to James H. Singer, now belonging to Robert F. Odom. [Emphasis added.]
The chain of title of the Mackensen tract is as follows: February 22, 1949sale by Lynn Hubble to Collins D. Pinkard[4]; October 22, 1949sale by Collins D. Pinkard to James H. Singer (of lot with front of approximately 1 arpent on the highway less 104 feet)[5]; May 13, 1958sale by James *1206 H. Singer to Clarence W. McCormick and Mrs. Hazel McWilliams McCormick (with 88 feet of highway frontage and side boundaries between parallel lines); August 3, 1961sale by Mrs. Hazel McWilliams McCormick Coleman to Otto B. Mackensen (with 88 feet of highway frontage and side boundaries between parallel lines). The title describes the Mackensen tract as follows:
A certain lot or parcel of ground, with all buildings and improvements thereon, situated on the Island of False River, in the Parish of Pointe Coupee, Louisiana, having a front of 88 feet on the right of way of the public State Black-top Highway which runs along False River (Known as State Hwy. No. 413), by a depth between parallel lines extending to False River, bounded Front or SE by said Highway, rear or NW by False River, Upper side, or NE by property now or formerly of Adam Bouanchaud, and on lower side or SW, by property of the parties Clarence W. McCormick and Hazel M. McCormick, being a portion of the property acquired by the vendor and her late husband, Clarence W. McCormick, from James H. Singer. [Emphasis added.]

ACQUISITIVE PRESCRIPTION
Louisiana Civil Code article 3473 governs acquisitive prescription of ten years:
Ownership and other real rights in immovables may be acquired by the prescription of ten years.
Further, La.C.C. art. 3475[6] provides as follows:
The requisites for the acquisitive prescription of ten years are: possession of ten years, good faith, just title, and a thing susceptible of acquisition by prescription.
Just title is defined by La.C.C. art. 3483[7] as follows:
A just title is a juridical act, such as a sale, exchange, or donation, sufficient to transfer ownership or another real right. The act must be written, valid in form, and filed for registry in the conveyance records of the parish in which the immovable is situated.
The burden of proof rests upon the party claiming the benefit of adverse *1207 possession. Levatino v. Williams, 396 So.2d 380 (La.App. 1st Cir.1981); Carpenter v. Cobb, 293 So.2d 888 (La.App. 1st Cir.1974). One cannot by the prescription of ten years acquire property not embraced within the title upon which the plea of prescription is founded. Carpenter v. Cobb, 293 So.2d at 890; Carlisle v. Graves, 64 So.2d 456 (La.App.2d Cir.1953).
Defendants herein claim to have acquired ownership of the land laying within the fence between the two properties; the fence having been in existence more than ten years. The survey prepared for the instant lawsuit places the property line inside the fence line so that it would actually cut through a corner of defendants' camp.
The trial judge in his written reasons for judgment found as follows:
Counsel for plaintiff ... contends that the direction of the lines is explicit in the description of the property in the instant case because the side lines are declared to be parallel. Unfortunately, the argument is on its face incorrect. Parallel side lines may extend in any direction from the intersecting front or rear line. They need not be at a 90 degree angle. The only conclusion that can be made about the direction of such side lines is that they will extend in the same direction, i.e. that the corresponding angles formed by the side lines with any intersecting line will be equal.
Extrinsic evidence may be used to ascertain the location or direction of the side lines and thus to properly identify and locate the extent of the property intended to be conveyed.
The trial court determined the location of the fence to be extrinsic evidence of the direction of the side boundaries, and found that the boundary coincided with the fence line.
An examination of the titles involved herein reveals that reference to the location of the fence line is unnecessary to determine the direction of the side lines of the property conveyed. It is clear that the outermost side boundaries of the Mackensen and Honeycutt tracts coincide with that of the parent Hubble tract, shown on the survey to be S 30° 44'00" E and N 31° 18' 21" W, respectively. By the express terms of the titles, the interior Mackensen side boundary, which is also one of the Bourg tract side boundary lines, and the remaining boundary line lying between the Bourg and Honeycutt tracts must be parallel to S 30° 44' 00" E, as shown on the survey map prepared by the court-appointed surveyor. If the boundaries of the Bourg tract were fixed along the fence line, then the boundaries of the Mackensen tract would no longer be parallel, contrary to the provisions of the title thereto.
The trial court finding that the boundary between the Bourg and Honeycutt tracts coincides with the fence line is manifestly erroneous. In its reasons for judgment the trial court stated that "[t]o hold as contended by plaintiff that adverse possession can not extend beyond the boundaries as determined by title search and a survey in accordance therewith is tantamount to holding that 10-year acquisitive prescription is not available in a boundary action." However, both LeDoux v. Waterbury, 292 So.2d 485 (La.1974), and Barrois v. Legendre, 127 So.2d 790 (La.App. 4th Cir.1961), involved instances where an ancestor-in-title conveyed more land, by title, than he owned, and in a later boundary action, acquisitive prescription of ten years was urged.
The LeDoux case is a good example of the application of ten years acquisitive prescription in a boundary action. The defendants in that case acquired their property under a title which conveyed land six feet beyond the existing fence line; however, the previous owner in fact owned less than he conveyed, i.e. 8.35 acres inside the defendants' fence line. Since defendants and their ancestor-in-title had possessed the disputed strip of land, the 8.35 acres within the fence, under just title for more than ten years, the supreme court found that they had acquired it by prescription. We distinguish LeDoux in the case sub judice because the defendants herein, although they have possessed the land for more than ten years, do not have a just title as the actual *1208 boundary as conveyed in their title does not coincide with the fence line.
For the reasons assigned herein, the judgment of the trial court sustaining defendants' objection of ten years acquisitive prescription is reversed, and the matter is remanded for further proceedings consistent with the foregoing. Costs of this appeal are to be borne by defendants/appellees herein.
REVERSED AND REMANDED.
LOTTINGER, J., concurs.
EDWARDS, J., concurs in the result.
*1209 
NOTES
[1] The remainder of the trial court judgment has not been appealed and is not before this court.
[2] Exhibit I, filed into the record is the Act of Sale vesting title of the third tract of land in Otto B. Mackensen, who testimony reveals is the father of Wallace Mackensen.
[3] Mr. Kaiser testified, by deposition, that at the time he purchased the property, there was in existence a fence on three sides of the property which he believed is still located in the same place.
[4] The act of sale for this transfer of the property was not introduced into evidence.
[5] The act of sale by which Mr. Singer acquired what we refer to herein as the Mackensen tract, described the property in terms of the entire parent tract less what are now the Bourg and Honeycutt tracts, by the following language:

There is expressly excepted from this sale a certain lot of ground, with all buildings and improvements thereon, being a portion of the above described lot, and described as follows, to-wit:
A certain lot of ground, with buildings and improvements thereon, situated on the Island of False River, in the Parish of Pointe Coupee, State of Louisiana, having a front of one hundred four (104) feet on the public graveled highway which runs along False River, by a depth between parallel lines to said False River, bounded as follows, to-wit: In front, or Southeast, by said graveled highway, in the rear, or Northwest, by said False River, on the upper side, or Northeast, by the remainder of the larger lot of ground above described, from which this lot herein excepted is taken, and on the lower side, or Southwest, by property now or formerly of Richard Robillard.
Although this language would indicate that the boundaries of the Honeycutt and Bourg tract are parallel, Mr. Singer acquired all three tracts and in his later acts of sale to subsequent purchasers, it is the boundaries of the Bourg and Mackensen tracts which are expressly declared to be parallel.
[6] Louisiana Civil Code articles 3473 and 3475 were added by La. Acts 1982, No. 187, § 1. The Revision Comments state there was no change in the law from the source provision, articles 3478 and 3479, respectively, of the Louisiana Civil Code of 1870, providing as follows:

Art. 3478. Immovables, possession In good faith with just title; accrual of prescription against incapables
He who acquires an immovable in good faith and by just title prescribes for it in ten years....
Art. 3479. Conditions necessary for good faith prescription
To acquire the ownership of immovables by the species of prescription which forms the subject of the present paragraph, four conditions must concur:
1. Good faith on the part of the possessor.
2. A title which shall be legal, and sufficient to transfer the property.
3. Possession during the time required by law, which possession must be accompanied by the incidents hereafter required.
4. And finally an object which may be acquired by prescription.
[7] Louisiana Civil Code article 3483 was added by La. Acts 1982, No. 187, § 1, and changes the law to the extent that the juridical act containing just title must be written. Prior article 3483 provided as follows:

To be able to acquire by the species of prescription mentioned in this paragraph, a legal and transferable title of ownership in the possessor is necessary; this is what is called in law a just title.