SUMMERS, Justice.
 

 By four separate indictments returned by the grand jury of St. Mary Parish on May 20, 1966, Roy T. Mejia, also known as Roy Savoie, was charged with the murder of Robert Verret, Jr., Brenda Ann Verret, Lucie Ann Verret and Barbara Verret. The indictments disclosed that the alleged murders occurred on April 13, 1966. in St. Mary Parish
 

 A motion for change of venue was filed on behalf of the accused in which it was alleged that the facts giving rise to the indictments were made the subject of such intensive publicity by the news media that an impartial jury could not be selected to try the accused in St. Mary Parish. After hearing on the motion, the trial court judge determined that a showing had been made that a reasonable likelihood existed that the accused could not receive a fair trial in St. Mary Parish. Accordingly, the cause was removed to St. Martin Parish in the same district. St. Mary, St. Martin and Iberia Parishes comprise the Sixteenth Judicial District.
 

 When the cause was transferred to St. Martin Parish, the accused filed a pleading there which he denominated a “Motion
 
 *523
 
 for Rehearing”. Therein he put at issue the propriety of the change of venue from St. Mary Parish to St. Martin Parish. Again he contended that the extensive publicity given the facts of the case created as much prejudice against him in St. Martin Parish as it did in St. Mary Parish. He sought removal to another parish.
 

 Upon trial of this second motion, the court in St. Martin Parish found that the “prejudice created in the minds of many citizens in St. Martin Parish” supported a finding that a reasonable likelihood existed that the defendant could not be accorded a fair trial in that parish. For that reason the court amended the original order which had been issued in St. Mary Parish and ordered the venue changed to the parish of East Baton Rouge, which is the Nineteenth Judicial District. No action was taken by either the accused or the State to have this amended order changing venue reviewed.
 

 After transfer and docketing of the cases in East Baton Rouge Parish, arraignment was fixed for November 7, 1966. When the prosecutor sought to arraign the accused in East Baton Rouge Parish, the court ex proprio motu asserted that it lacked venue in the matter and, for oral reasons assigned, denied the prosecutor the right to proceed with the arraignment. Under this ruling the case was then in limbo with no venue where the prosecution could take place. The prosecutor therefore objected to the court’s ruling, reserved a bill of exceptions to the court’s refusal to alter its ruling and thereafter made application to this court for relief under our supervisory jurisdiction.
 

 From the bill of exceptions and per curiam, it is shown that the judge in East Baton Rouge Parish asserted lack of venue in that court because the change of venue from St. Mary or St. Martin Parish to East Baton Rouge Parish was not a change of venue to an adjoining parish of the same judicial district or to a parish of an adjoining district as required by Article 293 of the Code of Criminal Procedure (1928).
 
 [1]
 
 Moreover, he relies upon Article 294 of the Code which declares: “After a cause shall have been removed * * * it shall not be a second time removed under any pretense whatsoever.” On the basis of this last article, the trial judge in East Baton Rouge Parish takes the position that since the case was removed
 
 *525
 
 from St. Mary to St. Martin Parish it could not again he removed, and the removal to East Baton Rouge Parish was contrary to Article 294 and without effect
 

 Finally, the trial judge takes the position that the venue of the case in East Baton Rouge Parish is improper because no clear provision is made in the law for the payment of the expense of prosecution under the facts of this case.
 

 The Question of Venue
 

 In Louisiana it is ordained by the constitution that all trials shall take place in the parish in which the offense was committed. La.Const, art. 1, § 9 (1921). The constitution also authorizes the legislature to provide for a change of venue in criminal cases. La.Const. art.
 
 7,
 
 § 45 (1921). In keeping with this authority the Code of Criminal Procedure enacted by the legislature declares that the parish in which the offense was committed is called the “venue”; and the removal of a case for trial from the parish in which the offense was committed to another parish is called a “change of venue”. La.Code Crim.Proc. art. 289 et seq. (1928). The Code provides the procedure for a change of venue and declares in Article 293 that if “a fair and impartial trial can not be had in the parish in which the crime shall be charged to have been committed and in which the case is pending” the venue shall be changed to “an adjoining parish of the same,judicial district, or to a parish of an adjoining district.”
 

 It is a fact that East Baton Rouge Parish is not in the same judicial district as St. Mary and St. Martin Parishes from which the cause was removed, nor is East Baton Rouge in an adjoining district. Thus, the action which removed this case to East Baton Rouge Parish runs counter to the language of Article 293. Nevertheless, the court to which the venue is changed has no discretion in accepting the change, for that court is “without authority” to review the action of the removing court. In State v. Morgan, 147 La. 205, 84 So. 589 (1920), where the court to which a cause had been removed refused to acknowledge that it had venue, this court said, concerning the action of the court in refusing venue, “It was not sitting as an appellate court in the matter, and it was without right to remand the case under any consideration.”
 

 The ruling in the Morgan Case rests on sound reason and logic. If it were otherwise, one district court would be reviewing the action of another and, in some cases, we may assume, reversing the action of a court over which it has no appellate jurisdiction. In effect, that is what occurred in the instant case.
 

 We are of the opinion that the court which orders the change of venue
 
 *527
 
 is authorized by the legislature to designate the court to which the venue is changed. La.Code Crim.Proc. art. 289 et seq. (1928). Only review by the Supreme Court or application for change of venue in the court to which the cause has been removed can alter this designation.
 

 We are further of the opinion that, though the removal here was contrary to the cited provision of the Code of Criminal Procedure, the removal was made necessary when the accused contended in his application for the second change of venue that he could not be granted a fair and impartial trial in St. Martin Parish and that contention was upheld by the trial court trying the change of venue motion. A finding that an impartial jury could not be selected to try the accused is the strongest reason for disregarding a legislative pronouncement which would deny the removal. For a fair trial in a fair tribunal is a basic requirement of constitutional due process. Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).
 

 When constitutional rights are properly invoked, legislation which collides with those rights must succumb to the authority of the constitution. Recently this court announced this proposition in these terms:
 

 “ * * * (A) change of venue is, primarily, to insure the rights of an accused to a speedy trial by an impartial jury, as guaranteed under the Bill of Rights to the United States Constitution * * * and when procedural legislation setting out the rules governing such change conflict with these basic constitutional rights, to the extent the legislative enactments deprive an accused of due process of law, then they must yield.” State v. Rideau, 246 La. 451, 455, 165 So. 2d 282, 284 (1964).
 

 Because the second hearing held in St. Martin Parish was based upon a pleading denominated “Motion for Rehearing”, an argument could be made that the removal to East Baton Rouge Parish was not a second removal under Article 294. But we are satisfied that the title assigned to this pleading did not alter its real character, which was a motion for a second change of venue. We treat it as such.
 

 Just as Article 293 of the Code runs counter to the constitutional due process requirement of a fair trial in this instance, Article 294 also offends constitutional requirements of a fair trial. It would deny a second change of venue where there has been a finding that an impartial jury cannot be selected. That is to say, the mandate of the article applied to the instant case would require that the accused be tried in a parish where he cannot have a fair trial. Such a result would be repugnant to our constitutional concept of due process. Under these circumstances Article 294 cannot be applied.
 

 
 *529
 
 East Baton Rouge Parish has venue of this case.
 

 The Question of Expense
 

 Articles 296 and 529.8 of the 1928 Code of Criminal Procedure, it is said, create confusion regarding the parish which should bear the expense of prosecution in this case.
 

 Article 296 provides:
 

 “The clerk of the court to which any cause shall have been thus removed shall, on receipt of the indictment and other papers, enter the cause upon the docket of his court; and it shall be heard, tried and determined in the same manner as if the proceedings had originally been instituted therein.”
 

 Article 529.8 provides:
 

 “All expenses incurred in the different parishes of the state and in the city of New Orleans by the arrest, confinement, maintenance and prosecution of persons accused or convicted of crimes, their removal to prison, the pay of witnesses, jurors and all expenses whatever attending criminal proceedings shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans. The expenses shall be paid by the parish treasurer or by the city treasurer after an account of the expenses shall be duly certified to be correct by the presiding judge and the clerk of court.
 

 “The fees, salaries, and expenses to be paid shall be fixed and regulated by the parish or city authorities unless otherwise provided by law.”
 

 We do not share the doubt which has been expressed concerning the meaning of these articles.
 

 First, we think it is obvious that when the legislature enacted Article 529.8 it intended thereby to put at rest the confusion which would attend the payment of expenses incurred by several parishes in dealing with the same case. It did this by requiring that the parish where the crime was committed must pay the expense wherever incurred in connection with the case. Logically, this contemplates that the parish where the crime is committed will reimburse other parishes incurring expense in the case. In some measure this legislation would tend to encourage the various parishes to promote salutary policies aimed at suppressing violations of the State’s criminal laws. Otherwise they must bear the expense burden wherever incurred incident to the offense committed in their parish.
 

 Secondly, we read Article 296 to mean that venue exists in the parish to which the cause has been removed just as venue exists generally in parishes where the crime is committed. Hence all procedural laws are applicable in the parish to which venue has been changed which
 
 *531
 
 would be applicable if it were the parish where the crime was committed. What the legislature dealt with in that article was the general effect of a change of venue on the procedural laws governing criminal prosecutions, announcing that the same procedural laws applied to the trial in the parish to which the cause had been removed. It did not purport to change the meaning of Article 529.8 of the Code, which comes later in the text and deals specifically with the expense problem where more than one parish is involved in a criminal case.
 

 The meaning we have ascribed to these articles is consonant with that fundamental principle of statutory interpretation which directs that, where conflict or ambiguity exists, special laws shall prevail over general laws. State Through Dept. of Highways v. Macaluso, 235 La. 1019, 106 So.2d 455 (1958); Berteau v. Police Jury of Ascension Parish, 214 La. 1003, 39 So.2d 594 (1949). We conclude, therefore, that the parish of St. Mary must reimburse the parish of East Baton Rouge for the expense attending this case as provided for by Article 529.8.
 

 For the reasons assigned, the Nineteenth Judicial District Court, East Baton Rouge Parish, has venue in this matter; the parish of St. Mary shall reimburse the parishes of St. Martin and East Baton Rouge the expense attending this case as provided by Article 529.8 of the Code of Criminal Procedure (1928); the decree 'of the Nineteenth Judicial District Court, East Baton Rouge Parish, rejecting venue herein is reversed and set aside; and this cause is remanded to the Nineteenth Judicial District Court, East Baton Rouge Parish, for further proceedings consistent with this decree and the views herein expressed.
 

 [1]
 

 . Article 293 of the Code of Crim.Proc. (1928) provides: “If, on the trial of any application for a change of venue, it shall be established, by legal and sufficient evidence, that a fair and impartial trial can not be had in the parish in which the crime shall be charged to have been cornmitted and in which the case is pending, the judge shall order a change of venue to an adjoining parish of the same judicial district, or to a parish of an adjoining district, and, by preference, to that parish in which a district court shall next be held.