YELVERTON, Judge.
This is a suit on an open account for $57,789.04, brought by Lake Charles Memorial Hospital against Glenda Hunt, cura-trix of Shannon Hunt, who was injured while a prisoner in the Beauregard Parish jail. Made third party defendant herein was the Beauregard Parish Police Jury. From a judgment against it in the third party action, the Beauregard Parish Police Jury has appealed. We affirm.
The sole issue is who is responsible for paying medical expenses of Shannon Hunt for injuries sustained by him while he was an inmate at the Beauregard Parish jail.
On March 10, 1980, while Hunt was incarcerated in the Beauregard Parish jail he sustained a severe beating at the hands of a fellow inmate. He had severe injuries and had to be hospitalized. Hunt was hospitalized in Lake Charles Memorial in a comatose condition where he remained from March 10, 1980, to December 22, 1980.
The beating affected Hunt’s mind, and he was interdicted. His curatrix brought suit on his behalf for damages against the Sheriff of Beauregard Parish; the Beauregard Parish Police Jury, the State of Louisiana, through the Department of Corrections, and their respective insurers. Pursuant to a settlement agreement with the Beauregard Parish Sheriff’s Department and its insurer, these two defendants were dismissed. However, Hunt, through his curatrix, reserved his right to proceed against the Beauregard Parish Police Jury and its insurer, Georgia Casualty and Surety Company (Georgia Casualty).
While the above tort action, which was filed in Beauregard Parish, was pending, Lake Charles Memorial Hospital filed the present suit on open account in Vernon Parish against Glenda Hunt, in her capacity as Shannon Hunt’s curatrix, for nonpayment of a hospital bill in the amount of $57,789.04. Glenda Hunt answered the suit, then filed a third party demand against the State of Louisiana, through the Department of Corrections, and the Beauregard Parish Police Jury. The police jury reacted by filing a third party demand against the State of Louisiana Department of Corrections and the “Beauregard Parish Sheriff’s Department”. Then by an amending third-party petition the police jury impleaded the Sheriff of Beauregard Parish and its own insurer, Georgia Casualty. Georgia Casualty filed a third party demand against the original defendant, Glenda Hunt. Pursuant to a motion for summary judgment, the State, through the Department of Corrections, was later dismissed.
On February 27, 1984, a compromise was reached between Hunt, the police jury and Georgia Casualty in the tort suit pending in Beauregard Parish. The parties agreed to settle Hunt’s disputed tort claims for $175,-000, specifically excluding the Lake Charles Memorial Hospital bill, which was the subject of the ongoing suit in Vernon Parish. The settlement agreement expressly reserved unto Hunt any and all rights and interests to pursue his claim against the police jury to litigate the suit on open account in Vernon Parish. As a result of this settlement agreement, a judgment was ren *820 dered fully dismissing the tort suit in Beauregard Parish.
Pursuant to an Act of Receipt and Release and an Assignment of Rights, Hunt paid the plaintiff hospital $57,789.04 and became subrogated to the hospital’s rights in this suit pending in Vernon Parish.
The Beauregard Parish Police Jury assigns as error the trial court’s finding that it is liable to Glenda Hunt for the medical expenses incurred by her interdicted son. The police jury argues that it is responsible only for those routine day-to-day matters involving prisoners awaiting trial or serving parish sentences, and that Shannon Hunt, although physically located in the Beauregard Parish jail, was sentenced to the Department of Corrections, therefore, he was not awaiting trial or serving a parish sentence.
The trial judge held that the Beauregard Parish Police Jury was responsible for the medical care of Shannon Hunt while he was a prisoner in the parish jail. In his reasons for judgment the trial judge relied on Amiss v. Dumas, 411 So.2d 1137 (La.App. 1st Cir.1982), writ denied, 415 So.2d 940 (La.1982). The trial court also relied on the following statutory provisions:
La.R.S. 33:4715:
The police jury of each parish shall provide a good and sufficient courthouse, with rooms for jurors, and a good and sufficient jail, at such place as they may deem most convenient for the parish at large, provided that when the seat of justice is established by law, they shall not have power to remove it.
La.R.S. 15:304:
All expenses incurred in the different parishes of the state or in the city of New Orleans by the arrest, confinement, maintenance and prosecution of persons accused or convicted of crimes, their removal to prison, the pay of witnesses, jurors and all expenses whatever attending criminal proceedings shall be paid by the respective parishes in which the offense charged may have been committed. ...
La.R.S. 15:702:
The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons. In those parishes in which the governing authority operates the parish jail the governing authority shall pass all bylaws and regulations they may deem expedient for the police and good government of the jails and prisons being operated by the parish governing authority. La.R.S. 15:703:
The governing authority of each parish shall appoint annually a physician who shall attend the prisoners whenever they are sick. His salary shall be fixed by the governing authority.
The court in Amiss, supra, interpreted the abovementioned statutory provisions and said:
The general scheme which we gather from a reading of all of the statutes is that the City-Parish is responsible for the expenses of establishing, maintaining and operating the jail and for all the expenses of feeding, clothing, and providing medical treatment to the prisoners while the sheriff has the duty of operating the jail and seeing to it that the prisoners are properly cared for, fed and clothed, (emphasis added)
The trial judge in his well written reasons for judgment stated:
It is true that the cited case dealt with the issue of who, as between the sheriff and the governing authority, was responsible on a day by day basis for medical care of prisoners and other expenses of operating and maintaining the prison. Its holding, nevertheless, is sufficient to indicate that on a day by day basis the governing authority was responsible for the medical care of Shannon Hunt while he was an inmate in the parish jail.
The pleadings and exhibits make it abundantly clear that at the time Shannon Hunt suffered the condition necessitating treatment and at the time treatment began his status was that of an inmate in the Beauregard Parish jail. The services had already been rendered prior to the appointment of a Curatrix *821 for Hunt. At every stage of the proceedings conducted between Hunt, the Beauregard Parish Police Jury and the insurer of the police jury, Hunt’s right to pursue this claim was reserved.
We agree with the trial judge that the police jury was statutorily responsible for Hunt’s medical care while he was an inmate in the parish jail.
The police jury’s next argument is that the debt was extinguished by confusion. The police jury is the obligor and Hunt is subrogated to the rights of the obligee, Lake Charles Memorial Hospital. Accordingly, the qualities of obligee and obligor are not united in the same person. La.C.C. art. 1903. Confusion did not take place.
The police jury’s next assignment of error is that the trial judge erred in failing to find solidary liability between the Beauregard Parish Police Jury and its liability insurer, Georgia Casualty. It argues that Georgia Casualty is contractually obligated to the police jury to pay for all damages, including medical expenses, which the police jury becomes legally obligated to pay as a result of tort actions.
A liability policy not being a statutory policy, an insurer’s liability is only as provided in the policy and attached endorsements, and the parties are at liberty to select the types of risks to be covered. Kendrick v. Mason, 234 La. 271, 99 So.2d 108 (1958). A liability policy is written for the benefit of third parties who suffer injury or damages because of the action of the insured. Lou-Con, Inc. v. Gulf Building Services, Inc., 287 So.2d 192 (La.App. 4th Cir.1973), writ denied, 290 So.2d 899 and 290 So.2d 901 (La.1974).
The trial judge correctly rejected the police jury’s third party demand against Georgia Casualty, since the insurance policy was a general liability policy activated only upon a showing of fault, and fault was never established nor at issue in the instant suit on open account. As pointed out by Georgia Casualty, if the police jury had wanted coverage for medical expenses incurred regardless of fault, it could have purchased a “Premises Medical Pay” insurance policy.
Finally, the police jury contends in the alternative that the trial judge erred in failing to find that it was indebted to Glenda Hunt only for its virile share of the indebtedness. This contention is similar to the first assignment of error, discussed previously, and for the same reasons lacks merit.
For the above and foregoing reasons the trial court’s judgment is affirmed, costs of appeal to be paid by the Beauregard Parish Police Jury.
AFFIRMED.