Dear Mr. Hughes:
You have requested an opinion of this office regarding expenses incurred by the Parish of West Feliciana, its Clerk of Court, and its sheriff in connection with the change of venue and trial of the St. Rita's Nursing Home Trial. The criminal case involved multiple counts of negligent homicide charges against owners of a nursing home in St. Bernard Parish for the deaths of patients at their nursing home following Hurricane Katrina. The case was filed in St. Bernard Parish, where the events giving rise to the negligent homicide charges occurred, but was later moved to St. Francisville in West Feliciana Parish. During the course of the trial, the West Feliciana Parish Police Jury paid $15.837.76[1] for juror meals and mileage and for court attendance for the clerk and sheriff and now seeks an opinion of this office regarding whether the police jury may be reimbursed for those expenses.
La.R.S. 15:304 is controlling in this matter and provides in pertinent part,
 All expenses incurred in the different parishes of the state or in the city of New Orleans by the arrest, confinement, and prosecution of persons accused or convicted of crimes, their removal to prison, the pay of witnesses specifically provided for by law, jurors and all prosecutorial expenses whatever attending criminal proceedings shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be. The expenses shall be paid by the parish treasurer or by the city of New Orleans after an account of the expenses shall be duly certified to be correct by the presiding judge and the clerk of court. The fees, salaries, and expenses to be paid *Page 2 
shall be fixed and regulated by the parish or city authority unless otherwise provided by law (emphasis added).
In State v. Mejia, 197 So. 2d 73 (La. 1967), the Supreme Court of Louisiana held, in reference to the above quoted statute, that the parish where the crime is committed must reimburse other parishes incurring expenses in the case. In reaching this decision, the court considered the legislative intent behind La.R.S. 15:304[2] and stated,
 First, we think it is obvious that when the legislature enacted Article 529.8 it intended thereby to put at rest the confusion which would attend the payment of expenses incurred by several parishes in dealing with the same case. It did this by requiring that the parish where the crime was committed must pay the expense wherever incurred in connection with the case. Logically, this contemplates that the parish where the crime is committed will reimburse other parishes incurring expenses in the case.
Former opinions of this office have also interpreted La.R.S. 15:304 to require the parish in which the crime occurred to reimburse the second parish to which prosecution was removed on the ground that the defendant could not obtain a fair, impartial trial for expenses incurred in prosecution of the case. Atty. Gen. Op. 1918-20, p. 377; Atty. Gen. Op. Aug. 11, 1972, p. 79.
Because the events giving rise to the criminal charges occurred in St. Bernard Parish, La.R.S. 15:304 requires St. Bernard Parish to reimburse West Feliciana Parish for whatever expenses it incurred in the criminal proceedings. Accordingly, it is the opinion of this office that the West Feliciana Police Jury is entitled to reimbursement from St. Bernard Parish for the $15,837.76 spent in the prosecution of the St. Rita Nursing Home Trial.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us. *Page 3 
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt
[1] The $15,837.76 paid by the West Feliciana Parish Police Jury consisted of the following: $1,643.88 for juror meals; $13,698.88 for juror mileage; $495 for court attendance for clerk and sheriff.
[2] At the time the Supreme Court of Louisiana heard State v. Mejia, La.R.S. 15:304 was located at La. Code of Crim. Proc. Art. 529.8 (1928).