Dear Mr. Graves:
You have requested an opinion of the Attorney General on the recoverability of expenses incurred by the Town of Walker for the arrest and transport to Livingston Parish jail facilities of persons accused of crimes, which are not within the jurisdiction of the Mayor's Court in Walker. You want to know if these expenses are recoverable from Livingston Parish pursuant to La.R.S. 15:304. You provided our office with the example that, at times, an arrest is made of a person for an offense or crime which is beyond the jurisdiction of the Mayor's Court for the Town of Walker,i.e. the person is accused of committing a felony. Not only is a felony charge beyond the jurisdiction of the Mayor's Court, the town does not have a jail to house the accused person. Thus, it is necessary for the town to transport the accused person to a jail facility in Livingston Parish.
The statute you cited for our consideration is La.R.S. 15:304, [1] which provides in pertinent part that:
All expenses incurred in the different parishes of the state . . . by the arrest, confinement, and prosecution of persons accused or convicted of crimes, their removal to prison, the pay of witnesses specifically provided by law, jurors and all prosecutorial expenses *Page 2 
whatever attending criminal proceedings shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be.
The Supreme Court discussed the legislative intent behind La.R.S. 15:304 in State v. Mejia, 197 So.2d 73 (La. 1967), and noted that it is obvious that "when the legislature enacted Article 529.8 it intended to put at rest the confusion which would attend the payment of expenses incurred by several parishes in dealing with the same case."[2] The court held that the parish where the crime is committed must reimburse other parishes incurring expenses in the case. Id. Former opinions of this office have also interpreted La.R.S. 15:304 to require the parish in which the crime occurred to reimburse the second parish to which prosecution was removed on the ground that the defendant could not obtain a fair, impartial trial. Atty. Gen. Op. 08-0030; Atty. Gen. Op. 1918-20, p. 377; Atty. Gen. Op. Aug. 11, 1972, p. 79.
While State v. Mejia and the above referenced Attorney General Opinions are not dispositive of the issue presented for our consideration because they deal with reimbursement between different parishes, they lend credence to the conclusion that Livingston Parish is responsible for expenses associated with the arrest, confinement, and prosecution of persons accused or convicted of crimes, when the offense charged was committed in Livingston Parish. This is further supported by other jurisprudence, including the case of Amiss v. Dumas,411 So.2d 1137, 1141 (La.App. 1 Cir. 1982), writ denied,415 So.2d 940 (La. 1982). Amis involved a dispute between the policy jury and sheriff over the legal responsibility to provide jail facilities for parish prisoners. The First Circuit Court of Appeal reviewed numerous statutes, including La.R.S. 15:304, and held that the governing body of the parish was "responsible for the expenses of establishing, maintaining and operating the jail and for all the expenses of feeding, clothing, and providing medical treatment to the prisoners. . . ." Id. at 1141. The court reached this conclusion based on its finding that prisoners incarcerated in the parish jail, either awaiting trial or serving parish sentences, are wards of the parish. Id.
This office has previously applied La.R.S. 15:304 to determine whether a city or parish was responsible for reimbursement of expenses associated with the feeding of prisoners. Specifically, in La. Atty. Gen. Op. 81-297, this office opined that the feeding of a prisoner was within La.R.S. 15:304's contemplation of "maintenance . . . of persons accused or convicted of a crime(s). . . .,"[3]
and the parish where the crime was committed, LaSalle Parish, should bear the costs of the prisoner's feeding instead of the City of Jena. *Page 3 
This office has also examined La.R.S. 15:304 to determine whether sheriff's costs were reimbursable from the local parish. In La. Atty. Gen. Op. 06-0224, a sheriff sought reimbursement of costs and expenses and asked this office for an opinion on what expenses are reimbursable under La.R.S. 15:304 and other statutes. Specifically, the sheriff wanted to know if the types of reimbursable expenses include: salary expense of man-hours expended in investigation and location of the person, apprehension and transportation to the parish prison, administrative processing of the warrant, and/or mileage. This office opined that while La.R.S. 15:304 provides for payment of expenses, it does not specify or define what those expenses are; thus, whether any particular cost or expense is reimbursable under La.R.S. 15:304 is a factual question which we are not in a position to determine. This office went on to note that the language contained in La.R.S. 15:304 is fairly broad, and the expenses inquired about may be reimbursable under one or more of the provisions. The underlying opinion request is more general in its inquiry, as the Town of Walker simply asks whether or not expenses associated with the arrest and transport of persons accused of crimes which are not within the jurisdiction of the Mayor's Court are recoverable from Livingston Parish.
La.R.S. 15:304, clearly, contemplates that the parish in which the offense charged is committed is responsible for expenses associated with the arrest of persons accused or convicted of a crime. Therefore, expenses incurred by the Town of Walker for the arrest and transport to Livingston Parish jail facilities of persons accused of crimes committed in Livingston Parish, which are not within the jurisdiction of the Mayor's Court in Walker, Louisiana, may be recoverable from Livingston Parish pursuant to the broad language of La.R.S. 15:304. However, whether any particular cost or expense relating to the arrest and removal of a person to prison is reimbursable is a factual question which we are not in a position to determine.
Notably, in La. Atty. Gen. Op. 82-295, this office opined that if city police elect to book a felon in the municipal jail, the feeding, clothing, housing and medical care for such persons is the financial responsibility of the municipality with no right to reimbursement. Once custody of the offender is transferred to the parish jail, the fiscal responsibility shifts to the parish for the care of the prisoners. La. Atty. Gen. Op. 92-295 is distinguishable from the facts presented herein because the Town of Walker has no jail in which to book or house an offender. The sheriff, as keeper of the parish jail, must accept for incarceration all persons charged with the criminal violation of a state statute whether the offense be classified as a felony or misdemeanor. La. Atty. Gen. Op. 82-295. *Page 4 
We hope that this information sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
With Best Regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ Angelique Duhon Freel Assistant Attorney General
JDC:ADF
[1] In interpreting La.R.S. 15:304, we must look to La.Civ. Code art. 9, which provides that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written.
[2] La.R.S. 15:529.8 is the prior law governing this subject matter before La.R.S. 15:304.
[3] The 1994 amendment to La.R.S. 15:304 deleted "maintenance," which had followed "arrest and confinement."