STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-623

ON REHEARING

PETER D. VIZZI, M.D., A MEDICAL CORPORATION

VERSUS

LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20092080
HONORABLE JULES DAVID EDWARDS, III, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED.

Cooks, J., dissents and assigns written reasons.
Genovese, J., dissents and assigns written reasons.

Katherine A Theunissen
Mahtook & Lafleur
P. O. Box 3089
Lafayette, LA 70502
(337) 266-2189
Counsel for Defendant-Appellant:
Lafayette City-Parish Consolidated Government

Kevin Scott Frederick
James P. Doherty, III
Frederick Law Firm
P. O. Box 52880
Lafayette, LA 70505
(337) 269-5143
Counsel for Plaintiff-Appellee:
Peter D. Vizzi, M.D., A Medical Corporation

**PICKETT, Judge.**

For the reasons assigned in the original opinion released by a three-judge panel of this court on December 8, 2010, the judgment of the trial court is affirmed.

**AFFIRMED.**

PETER D. VIZZI, M.D., A MEDICAL CORPORATION

VERSUS

LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT

**COOKS, J., dissenting.**

I disagree with the majority's decision to reaffirm the earlier opinion in this matter. I believe the earlier opinion was in error, and I would reverse the judgment of the trial court and render judgment in favor of Lafayette City-Parish Consolidated Government.

Quentin Cottrell Sam allegedly robbed a taxi driver, fled from the scene, and attempted to force his way into a private residence occupied by Mr. George Richard. In the attempt to enter the house, Mr. Sam was shot in the leg by Mr. Richard, who then called 911. Shortly thereafter, Acadian Ambulance and the police (after *being notified by 911*) arrived on the scene to find Mr. Sam injured. Mr. Sam was transported to Lafayette General Medical Center for emergency medical care by Acadian Ambulance. At some point prior to his arrival at the hospital, he was arrested. Mr. Sam was treated for his injuries by Dr. Peter Vizzi, who was Lafayette General's on-call physician in the emergency room at that time.

Dr. Vizzi contends the Parish is liable because Mr. Sam was under arrest at the time Dr. Vizzi treated him. I disagree.

There are no disputed issues of fact in this case. The sole issue before us is whether La.R.S. 15:304 requires Lafayette to pay the medical expenses of Mr. Sam under the facts of this case. La.R.S. 15:304 provides in pertinent part:

> All ***expenses incurred*** in the different parishes of the state or in the city of New Orleans ***by the arrest, confinement, and prosecution*** of persons accused or convicted of crimes, their removal to prison, the pay of witnesses specifically provide for by law, jurors and all prosecutorial expenses whatever attending criminal proceedings shall be paid by the respective parishes which the offense charged may have been committed or by the city of New Orleans, as the case may be.

(Emphasis added.)

The statute specifically *requires* that expenses must be incurred as a result of "arrest, confinement and prosecution." In this case, it is plainly obvious the resultant medical treatment required by the injury was not an "expense incurred . . . *by the arrest*" of Mr. Sam as the statute mandates.

When the law is clear and unambiguous, and its application does not result in absurd consequences, it shall be applied as written and no interpretation may be made in search of the legislature's intent. La.Civ.Code art. 9. When a statute is clear, the court must give credence to the mandate expressed by the legislature. *Vogt v. Board of Levee Commissioners of the Orleans Levee District*, 95-1187 (La.App. 4 Cir.9/4/96), 680 So.2d 149. Further, courts may not extend statutes to situations, which the legislature never intended to be covered thereby. *Schackai v. Louisiana Board of Massage Therapy*, 99-1957 (La.App. 1 Cir.9/22/00), 767 So.2d 955.

Counsel for Dr. Vizzi argued because the arrest occurred before Sam arrived at the hospital, the Parish is required to shoulder financial responsibility for the arrestee's care. I do not agree. The plain wording of La.R.S. 15:304 clearly provides that the Parish is only responsible for expenses that are "incurred . . . by the arrest, confinement, and prosecution of persons accused or convicted of crimes." The legislature did not intend to hold governmental entities financially responsible for situations they did not cause or that did not occur during the confinement of an arrestee or prisoner.

2

Dr. Vizzi cites *Southwest Louisiana Hospital Association v. Hunt*, 551 So.2d 818 (La.App. 3 Cir. 1989) for his position that La.R.S. 15:304 places responsibility on the Parish in this case. In *Hunt* an inmate in the Beauregard Parish jail required hospitalization after being beaten by an inmate. The hospital eventually brought a suit for open account against curatrix of the inmate for payment of medical services. The curatrix of the inmate brought a third party action against the parish police jury. The trial judge found the police jury was responsible under La.R.S. 15:304 for the inmate's medical care. The trial court specifically noted that at the time the injury was suffered the inmate was incarcerated in the parish jail. This court agreed with the trial court, specifically finding the police jury was statutorily responsible for the inmate's medical care "while he was an inmate in the parish jail." *Id.* at 820.

The facts in *Hunt* are clearly distinguishable from those in the present case. *Hunt* involved injuries sustained by an inmate from another inmate while in the care and custody of the parish jail.

Dr. Vizzi also cites Opinion No. 89-308, of Louisiana's Office of the Attorney General in support of his position. In that opinion, the attorney general concluded the parish was liable for the medical expenses of a subject who was shot by police while attempting to run through a roadblock. In reaching this conclusion, the attorney general stated:

> In the present case, the subject was *shot by law enforcement officials in the process during their attempt to arrest the subject*. At that point, it became the duty of the Police Jury under R.S. 15:304 and *Amiss v. Dumas*[, 441 So.2d 1137 (La.App. 1 Cir. 1982)] to provide medical care to the subject.

As the Attorney General's opinion specifically notes, the injury occurred during the police attempt to arrest the subject. Clearly that instance is distinguishable from this case. Here the injury occurred prior to law enforcement arriving on the scene.

3

The Parish is not automatically responsible for payment of expenses associated with an independent ambulance service bringing an injured man to a hospital for necessary medical treatment. Simply because Mr. Sam was arrested at the scene does not change the nature of the police involvement in this matter. The Lafayette Police Department did not cause or contribute in any way to the injuries sustained by Mr. Sam, nor did the injuries occur while he was in the care or custody of the police or housed in the jail. Therefore, the expenses were not incurred by the arrest, confinement or prosecution of Mr. Sam, and the Parish is not statutorily obligated to pay Dr. Vizzi for his services. Further, the statute which Dr. Vizzi relies upon for payment does not provide a penalty or attorney fees for failure to pay. Moreover, the Parish has good reasons to dispute the invoice forwarded to it. Additionally, the Parish did not have an existing relationship with Dr. Vizzi and did not obligate itself to pay Mr. Sam's medical expenses by consenting to or establishing an account with Dr. Vizzi. In order to prevail on a suit for an open account, the creditor must prove that the debtor "contracted for services on open account," and there must necessarily be a contract which gave rise to the debt. *Dixie Machine Welding & Metal Works, Inc. v. Gulf States Marine Technical Bureau, Inc.*, 96-869 (La.App. 5 Cir. 3/12/97), 692 So.2d 1167, 1169. An open account necessarily involves an underlying agreement between the parties on which the debt is based. *Vintage Wings and Things, LLC v. Toce & Daiy, LLC*, 04-706 (La.App. 3 Cir. 11/10/04), 886 So.2d 652. No such contract or agreement was present in this case between the Parish and Dr. Vizzi, thus any recovery of attorney fees under the open account statute is inappropriate.

For the above reasons, I would reverse the trial court's judgment holding otherwise and enter summary judgment in favor of Lafayette City-Parish Consolidated Government.

# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 10-623

**PETER D. VIZZI, M.D., A MEDICAL CORPORATION**

**VERSUS**

**LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT**

**GENOVESE, J., dissents and assigns the following written reasons.**

I disagree with the majority's affirmation of the trial court judgment in this case finding Lafayette City-Parish Consolidated Government (LCG) legally responsible for Mr. Sam's medical expenses. This case is governed by La.R.S. 15:304, which states in pertinent part that "[a]ll expenses incurred . . . by the arrest, confinement, and prosecution . . . shall be paid by the respective parishes in which the offense charged may have been committed . . . ."

It is an undisputed fact that Mr. Sam was wounded (shot) by a third party *before* he was arrested. A strict reading of La.R.S. 15:304 states that the parish (LCG) is responsible for all expenses incurred "by the arrest, confinement, and prosecution[.]" Mr. Sam's medical expenses were not incurred "by [his] arrest" or as a result of his arrest or confinement; his medical expenses became manifest and were subsequently incurred when he was shot and wounded. His subsequent arrest and confinement were not the cause of his incurred medical expenses Being shot as an intruder was the cause of his incurred medical expenses.

This decision opens Pandora's box and subjects all parishes to liability for any and all expenses incurred before and after an arrest regardless of their involvement in arrest, confinement, or prosecution. I do not find that to be the wording or the intent of the statute. Consequently, I dissent from the majority. I

would reverse the trial court judgment and absolve LCG from any legal liability for Mr. Sam's medical expenses based on the facts of this case and La.R.S. 15:304.