COOKS, Judge,
Dissenting.
|! This is a case of first impression. This is not a case of any typographical error or mistake in the date alleged in the indictment. It is a mistake in the State’s presentation of the wrong case. The bill of information read to the jury was based upon events allegedly occurring on March 4, 2010. The only evidence presented related solely to events occurring on September 3, 2009. There were two outstanding bills of information charging Defendant with two separate offenses which allegedly occurred on September 3, 2009 and on March 4, 2010. All of the evidence presented at trial related only to the 2009 bill of information, not the 2010 bill of information presently before the jury. The state simply came to trial and put forth evidence of the wrong charged offense. This is not a circumstance where the date is uncertain or hard to ascertain such as in child molestation cases. Defendant had no opportunity to defend himself or fairly prepare for trial when he believed the case upon which he was being tried was for an event that allegedly occurred on March 4, 2010, as alleged in the indictment read to the jury, only to find at trial that the evidence introduced concerned only events on September 3, 2009. These events were the subject of an outstanding bill of information which was not called for trial that day.
This conviction violates Defendant’s constitutional right to due process and a fair trial under both the Louisiana and United States Constitutions. See U.S. Const., Amend. V; La. Const. Art. I, Sect. 13; La. Const. Art. I, Sect. 15; and La. Const. Art. I, Sect. 16. The jurisprudence has long held that an accused is entitled to a fair trial and that such is a fundamental, basic requirement of constitutional due process. As the Louisiana state supreme court reiterated in State v. Cooper, 2010-2344 (La.11/16/10), 50 So.3d 115, 131 “due process of law requires fundamental fairness, i.e., a fair trial in a fair tribunal.” See also Turner v. State of Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965) and State v. Mejia, 250 La. 518, 197 So.2d 73 (La.1967). It is “the law of the land that no man’s life, liberty or property be forfeited as a punishment until there has been a charge fairly made and fairly tried in a public tribunal.” Chambers v. Florida, 309 U.S. 227, 236, 237, 60 S.Ct. 472, 477, 84 L.Ed. 716 (1940). It is fundamentally unfair to bring a defendant to *733 trial based on events that are alleged to have occurred on March 4, 2010; proceed to introduce at that trial evidence of an offense the state alleges, in a separate and outstanding bill of information, occurred on September 3, 2009; and convict Defendant of the 2010 violation based only upon evidence of activities occurring on September 3, 2009. The State put forth the wrong case at this trial and the conviction based on evidence of criminal activity on another date germane only to events addressed in another bill of information is not valid. This conviction offends all notions of constitutional due process of law and the right to a fair trial. The bill of information read to the jury and for which Defendant had appeared for trial did not inform Defendant of the “nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence.” State v. Marcal, 388 So.2d 656 (La.1980). I believe this conviction is constitutionally infirm and cannot stand. Defendant’s conviction should be reversed, vacated and a judgment of acquittal should be entered. The constitutional prohibition against double jeopardy prohibits the State from re-trying Defendant on the March 4, 2010 charge.