VICTORY, J.
| ,We granted this writ application to interpret the meaning of La. R.S. 15:304 relative to medical expenses incurred by an arrested person as a result of an injury sustained in the commission of the crime for which he was arrested. After reviewing the record and the applicable law, we reverse the judgments of the lower courts and find that the parish government is not responsible for these medical expenses.
FACTS AND PROCEDURAL HISTORY
The facts presented in these cross-motions for summary judgment are undisputed. On January 8, 2008, Quinton Contrell Sam (“Sam”) committed an alleged armed robbery of a taxi cab driver in Lafayette, Louisiana. He then fled on foot and attempted to force entrance into a private residence. The owner of the residence shot Sam in the leg and called 911. When the Lafayette Police Department arrived on the scene, they arrested Sam. The 911 operator had called an ambulance, and Sam was taken by ambulance, accompanied by a police officer, to Lafayette General Medical Center where he was treated by Dr. Peter Vizzi for the gunshot wound.
Dr. Vizzi filed a Petition on Open Account against Lafayette City-Parish Consolidated Government (“LCG”) and Sam, claiming they were solidarily liable for |2the costs of the medical treatment, plus attorney fees, pursuant to the provisions of La. R.S. 15:304, et seq. Dr. Vizzi and LCG filed cross-motions for summary judgment. The district court granted Dr. Vizzi’s motion for summary judgment, awarding $14,062.00 for medical expenses under La. R.S. 15:304 and $4,687.33 in attorney fees under La. R.S. 9:2781.[1] A five-judge panel of the court of appeal affirmed (with two judges dissenting), finding that “[o]nce Mr. Sam was placed under arrest, La. R.S. 15:304 requires that the parish bears the expense of any medical treatment he may have needed.” Vizzi v. Lafayette City-Parish Consolidated Government, 10-623 (La.App. 3 Cir. 12/8/10), — So.3d —, (not released for publication) (on rehear *1262 ing). Further, the court of appeal found “the open account statute was properly utilized by Dr. Vizzi, and the award of attorney’s fees was proper under that provision.” We granted LCG’s writ application to determine whether Dr. Vizzi is legally entitled to recover these medical expenses from LCG under the facts and circumstances presented in this case. Vizzi v. Lafayette City-Parish Consolidated Government, 11-2648 (La.2/17/12), 82 So.3d 273.
DISCUSSION
On motions for summary judgment, this Court reviews the record de novo to determine whether there is any genuine issue of material fact in dispute, and whether the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966; Louisiana Safety Ass’n of Timbermen Self-Insurers Fund v. Louisiana Ins. Guar. Ass’n, 09-0023 (La.6/26/09), 17 So.3d 350, 353. There are no material issues of fact in dispute in this record and the sole issue before us is a question of law which seeks the correct interpretation of La. R.S. 15:304.
[ sLa. R.S. 15:304 provides in pertinent part:
Expenses to be paid by parishes; juror’s fee in city of New Orleans
All expenses incurred in the different parishes of the state or in the city of New Orleans by the arrest, confinement, and prosecution of persons accused or convicted of crimes, their removal to prison, the pay of witnesses specifically provided for by law, jurors and all pros-ecutorial expenses whatever attending criminal proceedings shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be. The expenses shall be paid by the parish treasurer or by the city of New Orleans after an account of the expenses shall be duly certified to be correct by the presiding judge and the clerk of court. The fees, salaries, and expenses to be paid shall be fixed and regulated by the parish or city authority unless otherwise provided by law; ...
Essentially, plaintiff argues, and the lower courts found, that the medical expenses here were “expenses incurred ... by the arrest, confinement, and prosecution” of Sam, and therefore, LCG is responsible. LCG argues that the expenses were not caused by the arrest, but were merely the result of an injury prior to the arrest, and therefore, La. R.S. 15:304 is inapplicable. We agree.
We have never been presented with the issue of whether La. R.S. 15:304 applies to medical expenses, as we have only interpreted the statute relative to administrative expenses. See e.g., State v. Citizen, 04-1841 (La.4/1/05), 898 So.2d 325 (funding for indigent defense); Prator v. Caddo Parish, 04-0794 (La.12/1/04), 888 So.2d 812 (dispute between parish and sheriff over funding obligations at parish correctional center); State v. Craig, 93-2515 (La.5/23/94), 637 So.2d 437 (funding for indigent defendants’ expert witnesses and investigative services in capital cases); State v. Peart, 621 So.2d 780 (La.1993) (funding for indigent defense); State v. Henderson, 341 So.2d 879 (La.1977) (funding for indigent defendant’s witnesses); State v. Mejia, 250 La. 518, 197 So.2d 73, 77 (1967) (expenses for transferring venue).
We have described La. R.S. 15:304 as “a general statute which directs parishes to pay for the administration of the criminal justice system and sets up procedures for |4accounting for expenses.” Peart, supra at 784, n. 1. In Craig, we explained that “[b]y virtue of LSA-R.S. 15:304 and its predecessor statutes, the legislature has *1263 historically placed the responsibility for operating the criminal court system upon parish governments.” 637 So.2d at 441. We have also described the purpose of the predecessor statute to La. R.S. 15:304, La. C.Cr.P. art. 529.8, as “intended ... to put at rest the confusion which would attend the payment of expenses incurred by several parishes in dealing with the same case.” Mejia supra at 77.
Indeed, reading La. R.S. 15:304 as a whole, which we are required to do when interpreting any statute, it does seem clear that its purpose was to impose upon the parish where the crime was committed the duty to pay the administrative costs of the criminal proceeding. Further, the procedure for accounting for expenses is for the presiding judge and clerk of court to certify the amount of expense to be paid, and, the amount of these expenses are “fixed and regulated by the parish.” The presiding judge and clerk of court would not be able to certify the amount of medical expenses to be paid; they are only qualified to certify the amount of criminal court administrative expenses.
Plaintiff, and the court of appeal, rely on one case, Southwest Louisiana Hosp. Ass’n v. Hunt, 551 So.2d 818 (La.App. 3 Cir.1989), as authority for imposing these medical expenses on the parish. In Hunt, a prisoner at a parish jail was beaten by a fellow inmate and received medical care at a local hospital. The court found that the parish was responsible for the medical expenses incurred at the hospital because at the time he suffered the condition necessitating treatment, he was an inmate at the parish jail. However,. Hunt is distinguishable from the present case.[2] In Hunt, the | .^expenses were the result of an incident that occurred while both the victim and his attacker were inmates in the parish jail, and thus the expenses can be said to have been “incurred ... by the ... confinement ...” of the person “accused or convicted of crimes.” Further, the court in Hunt did not rely solely on La. R.S. 15:304 in imposing the expenses on the parish, but relied on other statutes including La. R.S. 15:703, which requires the parish governing authority to “appoint annually a physician who shall attend the prisoners whenever they are sick” and to fix his salary.
Further, plaintiff argues that La. R.S. 15:304 provides a bright line rule that once a person is accused of and arrested for a crime, the parish is responsible for any medical expenses thereafter, as well as other necessities of the accused. Plaintiff reaches this conclusion by interpreting “by” as meaning “before a certain time; beside; close to; in close proximity; in consequence of; not later than a certain time; in conformity with; with the express witness or sanction of; into the vicinity of and beyond ...” While that is one possible definition of “by,” it is not the one that applies in this context.
The meaning and intent of a law is to be ascertained by a consideration of *1264 the entire law as well as all other laws on the same subject matter and by placing a construction on the law that is consistent with the express terms of the law and with the obvious intent of the legislature enacting the law. City of DeQuincy v. Henry, 10-0070 (La.3/15/11), 62 So.3d 43, 45 (cites omitted). With that in mind, we find that | ¿‘expenses incurred ... by the arrest” means expenses caused by, or as a result of, the arrest. More than a mere temporal relationship is required, as “incur” means “to become subject to through one’s own actions; to bring upon one’s self,” to “suffer or bring on oneself,” to “become liable or subject to.” The American Heritage Dictionary of the English Language (1980 Houghton Mifflin Co.); Black’s Law Dictionary 782 (8th ed.2004); Webster’s Third New International Dictionary 1146 (2002) (unabridged). And, while “by” can have the meaning ascribed to it by plaintiff, in this context it more logically means “in consequence, as a result, or on the basis of.” Dictionary.com (unabridged) (Ran-domhouse, Inc.2010).
When the causal relationship between the prosecutorial actions (the arrest) and the expenses is applied to this case, the question is whether Sam’s medical expenses were caused by the arrest. The answer is no. The arrest did not cause the medical expenses; Sam’s home invasion and the homeowner’s defense against it caused the injury necessitating the expenses. The fact that the police arrived and arrested Sam before the ambulance arrived does not change this fact. Here, the ambulance had been called before he was arrested, and the ambulance would have taken him to receive medical treatment whether he was arrested or not. LCG was not involved in the decision to send Sam to Lafayette General and did not request treatment by Dr. Vizzi. Had the police waited to arrest Sam at the hospital after he was treated, no one would dispute that the expenses were not “incurred by the arrest.” Their decision to arrest Sam at the scene of the crime does not make LCG responsible for the medical expenses incurred during the commission of the crime. Had Sam been injured as a result of the arrest, LCG could have been responsible for any medical expenses incurred. However, the medical expenses in this case were not the result of any governmental action but were caused by a third party. To mandate that parish 17governments pay medical bills arising out of injuries inflicted by third parties before any parish or law enforcement involvement would subject parish governments to limitless and unforeseeable liability and could actually discourage law enforcement officers from making arrests. This was not the intent of the legislature in enacting and amending La. R.S. 15:304.
Our finding that LCG is not responsible for the medical expenses under La. R.S. 15:304 necessarily results in a further finding that LCG is not liable for attorney fees under the Louisiana Open Account Statute, La. R.S. 9:2781.
CONCLUSION
Medical expenses incurred by an arrested person as a result of an injury sustained in the commission of the crime for which he was arrested are not “expenses incurred ... by the arrest ...” for which the parish government is responsible under La. R.S. 15:304. That statute was enacted primarily to provide for payment of administrative expenses associated with criminal proceedings and confinement. For the parish to be liable for the medical expenses at issue here, they would have to be incurred as a result of the arrest. Here, the medical expenses were incurred as a result of Sam’s actions in attempting to enter a private residence *1265 and the home owner’s actions in shooting him. The fact that the police arrested Sam before he was taken to the hospital by private ambulance does not make LCG liable for these expenses as they were not incurred as a result of the arrest.
DECREE
For the reasons stated herein, the judgments of the lower courts are reversed and judgment is rendered granting Lafayette City-Parish Consolidated Government’s motion for summary judgment and dismissing the case with prejudice.
REVERSED AND RENDERED.

. La. R.S. 9:2781 provides for the award of attorney fees for failure to pay an open account under certain circumstances.

. At the time Hunt was decided, La. R.S. 15:304 provided that “[a]ll expenses incurred ... by the arrest, confinement, maintenance and prosecution of persons ...” (Emphasis added.) La. R.S. 15:304 was amended in 1994 to remove "maintenance,” to add the phrase "specifically provided by law” to modify the phrase "the pay of witnesses,” and to add the word "prosecutorial,” such that "all prosecu-torial expenses whatever attending criminal proceedings shall be paid ...” The major amendment to the statute in 1994 was the addition of the last sentence, "[njothing in this Section shall be construed to make the parishes or the city of New Orleans responsible for the expenses associated with the costs, expert fees, or attorney fees of a defendant in a criminal proceeding.” The stated purpose of the amendment was to "clarify what expenses attending criminal proceedings are required to be paid by the different parishes.” La. 1994 Session Law Service, Act No. 81, H.B. No. 44, West 1994.