Judge Regina Bartholomew-Woods
Both Appellant and Appellee filed motions for summary judgement relating to the interpretation of La. R.S. 45:201.6 and La. R.S. 22:1295(1)(a)(i)-(ii), and whether Transportation Network Companies, such as Uber, are permitted to waive underinsured motorist coverage during the pre-trip acceptance period. Reading La. 45:201.1 in para materei with La. R.S. 22:1295, the trial court granted summary judgment in favor of Appellee and dismissed, with prejudice Appellant's claims. It is from this judgment that Appellant appeals. For the reasons that follow, we affirm the trial court's judgment.
FACTUAL HISTORY AND PROCEDURAL BACKGROUND[1]
Plaintiff-Appellant, Lisa Jean ("Appellant"), while driving for UBER,[2] was involved in a motor vehicle accident on September 17, 2016, when a vehicle driven by Mr. Ty Cao pulled out from a parking spot and struck her vehicle.[3] After settling her claims against Mr. Cao - through his insurer, Progressive, for the policy limits[4] - Appellant filed a claim for underinsured motorist benefits under the policy provided by Defendant-Appellee, James River Insurance Company ("Appellee").[5] Appellee *45 denied Appellant's claim for underinsured motorist benefits asserting that the underinsured motorist benefits had been waived by the insured, Rasier, LLC, a subsidiary of Uber ("Uber"). Thereafter, Appellant filed a petition for damages, and asserted that Appellee's policy must provide underinsured motorist coverage pursuant to La. R.S. 45:201., et seq.[6] , and that the underinsured motorist coverage cannot be waived by Uber, pursuant to La. R.S. 22:1295. Subsequently, both Appellant and Appellee submitted motions for summary judgment to determine whether La. R.S. 45:201.1 et seq., permits Transportation Network Companies, such as Uber, to waive the underinsured motorist coverage. At the conclusion of the hearing on the motions for summary judgment, on October 5, 2018, the trial court ruled that the statute allows transportation companies to waive underinsured motorist coverage.[7] It is from the trial court's October 31, 2018 judgment granting Appellee's motion for summary judgment and dismissing with prejudice Appellant's claims that Appellant now appeals.[8]
DISCUSSION
In summary, Appellant's assignments of error focus on whether, pursuant to La. R.S. 45:201.6, Transportation Network Companies are permitted to waive underinsured motorist coverage; more specifically, whether La. R.S. 45:201.6(B)(2) prohibits Transportation Network Companies from waiving underinsured motorist coverage in a manner permitted by La. R.S. 22:1295.
Appellant argues that La. R.S. 45:201.6(B)(2)[9] implicitly requires that underinsured motorist coverage can be no less than the liability limits. Conversely, Appellee asserts that, pursuant to La. R.S. 22:1295(1)(a)(i)-(ii), Uber is not prohibited from waiving underinsured motorist insurance, and executed a valid waiver of underinsured motorist coverage.
Standard of Review
The issue on appeal involves the interpretation of La. R.S. 45:201.1 et seq. and La. R.S. 22:1295 that arose through the filing of a motion for summary judgment. Based on the aforementioned, the interpretation of a statute is a question of law, and therefore, is subject to de novo review. Benjamin v. Zeichner , 2012-1763, p. 5 (La. 4/5/13), 113 So.3d 197, 201. Further, the Louisiana Supreme Court has explained that "[w]hen summary judgment is granted in the context of statutory interpretation, there are no material issues of fact in dispute, and the sole issue before the reviewing court is a question of law as to the correct interpretation of the statute at issue." Billeaudeau v. Opelousas Gen. Hosp. Auth. , 2016-0846, pp. 9-10 (La. 10/19/16), 218 So.3d 513, 520 ; Vizzi v. Lafayette City-Parish Consol. Government , 2011-2648, p. 2 (La. 7/2/12), 93 So.3d 1260, 1262.
Law and Analysis
"The starting point for interpretation of any statute is the language of the statute itself."
*46 State v. Williams , 2010-1514, p. 6 (La. 3/15/11), 60 So.3d 1189, 1192. "[A] fundamental principle of statutory interpretation [is] that when a 'law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied a[s] written, and no further interpretation may be made in search of the intent of the legislature.' " McLane S., Inc. v. Bridges , 2011-1141, pp. 5-6 (La. 1/24/12), 84 So.3d 479, 483 ; Harrah's Bossier City Inv. Co., LLC v. Bridges, 2009-1916 (La. 5/11/10), 41 So.3d 438, 446-447 (citing La. C.C. art. 9).
La. R.S. 45:201.6, in pertinent part, states that a "transportation network company driver or a transportation network company on the driver's behalf shall maintain primary automobile insurance" during the pre-trip acceptance period that shall "[i]nclude uninsured and underinsured motorist coverage to the extent required by La. R.S. 22:1295." Further, when La. R.S. 22:1295 is read in para materi with La. R.S. 45:201.6 it provides, in pertinent part, that "the coverage required under this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item (1)(a)(ii) of this Section," which provides that "[s]uch rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative." Here, the record reflects and Appellant does not disagree that Uber did execute an underinsured motorist coverage waiver form pursuant to La. R.S. 22:1295(1)(a)(i)-(ii). The crux of Appellant's argument is that Uber is prohibited from waiving underinsured motorist coverage. However, La. 45:201.6 read in para materei with La. R.S. 22:1295(1)(a)(i)-(ii) permits Uber to waive underinsured motorist coverage. Thus, Appellant's argument lacks merit, and the trial court correctly granted summary judgment in favor of Appellee.
CONCLUSION
For the aforementioned reasons, we affirm the trial court's judgment granting summary judgement in favor of Appellee and dismissing with prejudice Appellant's claims.
AFFIRMED
DYSART, J., CONCURS, WITH REASONS.
DYSART, J., CONCURS, WITH REASONS.
I agree with the majority result but write separately to express my understanding of the "Uber" statute. The sole issue to be decided is whether La. R.S. 45:201, et seq. , commonly referred to as "The Transportation Network Company Motor Vehicle Responsibility Law," allows for an insured (here Uber) to waive uninsured/underinsured motorist coverage.
The statute delineates between the period of time following when an Uber driver is logged on to the transportation network company's digital network and is available to receive transportation requests (known as the "pre-trip acceptance period"), and the period after the ride enters the vehicle (known as the "pre-arranged ride period"). In this case, the accident took place before the plaintiff (the Uber driver) accepted a passenger, and was therefore during the "pre-trip acceptance period."
Louisiana Revised Statute 45:201.6B(1) and (2) provide as follows:
A. A transportation network company driver or a transportation network company on the driver's behalf shall maintain primary automobile insurance that meets the requirements of this Section.
*47 B. Automobile insurance during the pre-trip acceptance period shall:
(1) Be in the amount of not less than fifty thousand dollars for death and bodily injury per person, not less than one hundred thousand dollars for death and bodily injury per incident, and not less than twenty-five thousand dollars for property damage.
(2) Include uninsured and underinsured motorist coverage to the extent required by R.S. 22:1295.
During the pre-trip acceptance period, La. R.S. 45:201.6B (1) requires minimum liability limits of 50,000/100,000. The subsection also requires that the policy provide uninsured/underinsured coverage.
Plaintiff maintains that the statute specifically mandates uninsured/underinsured motorist coverage and the reference to La. R.S. 22:1295 is only to inform the insurer of the required amount of UM coverage. Thus, it is non-waivable.
Conversely, the defendant argues that since the statute specifically allows for coverage to be provided "to the extent required by R.S. 22:1295," waiver is allowable.
A review of the legislative history of 2015 La. Act 266[1] indicates that mandated uninsured/underinsured motorist coverage was never contemplated during the pre-trip acceptance period. Rather, the reference to La. R.S. 22:1295 confirms that uninsured/underinsured motorist coverage could be waived. Thus, the legislative history supports the defendant's position that uninsured/underinsured motorist coverage is waivable.
Accordingly, as Uber executed a valid uninsured/underinsured motorist coverage waiver, there is no coverage afforded to the plaintiff.

Both Appellant and Appellee agree that the underlying facts are neither disputed, nor at issue on appeal.

Appellee specifies that Appellant was in the pre-trip acceptance period for which Appellee issued a policy of liability. The pre-trip acceptance period is defined by La. R.S. 45:201.4(5) as "any period of time during which a driver is logged on to the transportation network company's digital network and is available to receive transportation requests but is not engaged in a prearranged ride as defined in Paragraph (4) of this Section."

Appellant was driving her 2012 Honda Civic along Prytania Street, near the intersection of Pleasant Street, in New Orleans, Louisiana.

In her petition for damages, Appellant asserted that Mr. Cao's insurance policy was insufficient to compensate for her damages.

Appellant carried a personal automobile policy provided by AIG, which provided underinsured motorist coverage. However, because Appellant was in the pre-trip acceptance period, her personal policy was not in effect; instead the policy provided by Appellee was in effect.

Also referred to as the Transportation Network Company Act.

The trial court provided written reasons for judgment.

On November 20, 2018, appellant filed a motion for devolutive appeal with the trial court. On November 26, 2018, the trial court signed an Order granting Appellant's motion for devolutive appeal.

La. R.S. 45:201.6(B)(2) provides that automobile insurance during the pre-trip acceptance period shall include uninsured and underinsured motorist coverage to the extent required by [La.] R.S. 22:1295.

Effective January 1, 2016.